### No. 8251.

### THE STATE OF LOUISIANA EX REL. C. L. C. CASS VS. J. T. CLARK, CLERK.

Although the jurisdiction of the lower Court ceases when the order of appeal has been granted and the bond filed, yet the Court retains its power over its Clerk to compel him to fulfil the ministerial duties of his office, in the case.

# APPLICATION for a writ of *Mandamus.*

---

*H. L. Edwards* and *E. E. Moïse* for the Relator:

First—That under Art. 11 of the Constitution, a party, upon making proper affidavit, and upon certificate of counsel, that there is error in the judgment against him, is entitled to an appeal in *forma pauperis.*

Second—That where the appeal in *forma pauperis* has been granted in the lower court without costs to appellant, the clerk of the court is bound to prepare and deliver the transcript in the cause, and cannot demand judicial stamps from him.

Third—That by " adequate remedy " in Art. 11 of the Constitution, is meant full and complete remedy, and relator is entitled to an appeal in *forma pauperis* thereon.

Fourth—The State is bound to protect and vindicate the rights of its citizen, even to the extent of permitting him to litigate his rights, if he be so poor as not to be able to do so without the aid of the State.

Fifth—That in all divorce suits, the State and society are interested parties, to such an extent, that if they deem that justice has not been done by the lower court, the State could of her own volition, appeal the case to a higher court.

Sixth—That if the State is so interested in a divorce suit, that she herself, through her proper officer, could appeal, she will not stretch forth her hand to prevent either of the other parties, but on the contrary, will assist, where there, is necessity, either of them to an appeal.

State ex rel. Cass vs. Clark.

Seventh—The rigor of our law in divorce suits has of late years been relented by the courts, but public policy requires a speedy return to its strictness and former strength.

*Fred. D. King* for the Respondent:

First—No law of this State authorizes an appeal to any one in *forma pauperis*.

Second—It is against the reason and spirit of the law to allow an appeal in *forma pauperis*, a full hearing having been once given the party.

Third—The clerk has a direct pecuniary interest, and is justified thereby in his refusal to obey the plaintiff's request.

Fourth—Act No. 136 of 1880 prohibits the relief herein applied for.

----

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an original application for a *mandamus* to compel the defendant to prepare and deliver, without costs, to the relator, the transcript of appeal in the case of Marie Louise Cass against him, on which judgment was rendered in favor of plaintiff and against the defendant, both on the merits and on the reconventional demand, granting a separation from bed and board.

The relator charges that after the judgment had become final, he applied for and obtained an order of appeal therefrom, returnable to this Court, on giving a bond, which he furnished, and directing the clerk of the lower court to prepare and deliver to the appellant the transcript of appeal, free from costs, in *forma pauperis;* that he has called upon the clerk for such transcript, and that said officer refuses to comply with the order of the District Court. He asks this Court to enforce the order of that court.

We allowed the relator a rule on that officer to show cause why he should not comply with the demand made of him. To that rule an elaborate return is made, supported by a similar brief.

We have attentively read the petition of the relator, the printed argument in support of it, and have come to the conclusion that if the relator have a right to require the preparation and delivery of the transcript of the case in which he was cast, without subjection to any disbursement, he should address his complaint and prayer for relief not to this, but to the District Court which granted the order, and to which the defendant is amenable as its ministerial officer.

Although the jurisdiction of the lower court may have ceased on the *case* since the order of appeal was granted, and the bond thereunder was furnished, as to the parties to the suit, the power of the court, over its clerk, to compel him to perform as such, in that court, duties which may be found to be imposed upon him by law, has not terminated.

Our original jurisdiction in matters of *mandamus*, does not extend to cases like that now presented. Const. Art 90.

The application is, therefore, refused.