*In re* BARSTOW.

Decided June 6, 1891.

1. *Appeal—Extending time for filing transcript.*

After eleven months' delay by an appellant in filing a copy of the record, time for filing it will not be further extended where the only excuse shown for the delay is a press of business in the circuit clerk's office; the appeal could have been expedited by application to this court for mandamus or other appropriate remedy to spur the dilatory clerk.

2. *Practice—Second appeal.*

Where a judgment appealed from was not superseded, a second appeal may be obtained from the clerk of this court; under such circumstances time for perfecting the first appeal will be denied unless it appears that resort to a second appeal will impair some right that might be preserved by perfecting the first.

MOTION to extend the time for filing a copy of the record.

Barstow prayed an appeal in the circuit court of Jefferson county from a judgment of $30,000 rendered against him in favor of the Pine Bluff, Monroe and New Orleans Railroad Company and others, and, not having perfected it by filing a copy of the record in this court within ninety days thereafter, made application for an extension of time. Section 1271 of Mansfield's Digest authorizes the court to grant an extension of time for filing a copy of the record "for cause shown." The only excuse shown for the default is a certificate of the clerk of the circuit court to the effect that he could not prepare the transcript, "owing to the press of business in his office and the unusually large volume of matter which goes to make up the transcript." According to the clerk's statement the appeal had been granted nearly sixty days when the first demand for the copy was made by the appellant. The clerk then promised to prepare it within thirty days. Since the demand was made nine months have elapsed, and, so far as the showing made goes, the press of the clerk's business has not permitted him to start upon the work of making the copy.

*John McClure* and *M. A. Austin* for petitioner.

1. When time for filing transcript will not be extended.

COCKRILL, C. J. The right of a litigant to perfect his appeal and have his cause finally determined in this court cannot be made to depend upon the caprice or convenience of a circuit clerk; nor can we permit the jurisdiction of this court to be defeated or the dispatch of business to be retarded by his failure to provide a sufficient clerical force to perform the duties of his office. A press of business in his office is therefore no excuse for a failure to furnish a litigant a transcript for an appeal within a reasonable time after demand. *Sturgess* v. *Harrold*, 18 How., U. S., 40. Mandamus from this court in aid of its appellate jurisdiction is an appropriate remedy to spur the negligent clerk to the prompt performance of his duty to prepare a transcript of the record in order that the cause may be reviewed here. *U. S.* v. *Gomez*, 3 Wall., 752, 766. When a command to return a transcript of the record, issued by the clerk of this court, whether by mandamus, writ of error, or other legal method, is contumaciously disobeyed by a clerk of a lower court, his disobedience may be punished as a contempt of this court, and thus another remedy for perfecting the appeal is provided.

The appellant, who alleges the clerk's negligence for a period of eleven months as an excuse for failing to file his transcript here under the grant of appeal by the lower court, could have expedited his appeal by a proper application to this court at any time within that period. He does not appear to have considered that the exigencies of his case demanded prompter action; he has not shown diligence in asserting his rights, and therefore makes no satisfactory showing for an extension of time, under section 1271 of Mansfield's Digest.

2. Practice as to second appeal.

Another sufficient reason for denying the extension of time for perfecting the appeal, in pursuance of the order granting it in the lower court, is that the judgment has never been superseded. The party desiring a review of the proceedings under such circumstances may obtain it by praying an appeal or a writ of error from the clerk of this court.

Either will be granted at his election as of course, with this exception only, viz., the writ of error, according to the ancient practice, is not applicable to a proceeding in equity. A petition to the court is unnecessary, and therefore out of place, when a complete remedy can be had of the clerk for the asking.

It is true that the clerk of the court in which the judgment was rendered certifies that the party desiring the appeal caused a *supersedeas* bond to be filed with him, but it is shown that the bond was filed more than thirty-days after the appeal was granted, in which case the statute provides that no writ of *supersedeas* can be issued except by the clerk of this court after the appeal is perfected. Mansf. Dig., secs. 1296-7. There is no showing that the circuit clerk undertook to issue a *supersedeas*. There is therefore no impediment in the way of a second appeal. *Rice* v. *Reed*, 29 Ark., 320; *Turner* v. *Tapscott, ib.*, 318. Nor is there a showing that a resort to the second appeal would impair any right that might be preserved by perfecting the first. There is no necessity therefore for application to the court for relief.

The appeal granted by the circuit court has lost its efficacy, and Barstow cannot give this court jurisdiction by filing the transcript here in pursuance of it, without leave given upon cause shown. *Edmonson* v. *Bloomshire;* 7 Wall., 306. As that leave is denied, he must obtain relief from the clerk of this court. If thereafter any obstacle is presented in the way of getting a transcript of the record, his remedy is pointed out above.

Motion denied.

HEMINGWAY, J., was disqualified, and did not participate in this decision.