CLAIBORNE v. LEONARD.

Opinion delivered December 14, 1908.

88   391;
f90  308

1. APPEAL AND ERROR—WHEN COMPLETE.—When an appeal is granted, and an authenticated copy of the record is filed in the appellate court, the suit is thereby removed, though no summons was issued. (Page 392.)

2. SAME—DISMISSAL FOR WANT OF SUMMONS.—Where a transcript on appeal was lodged in the Supreme Court three days before expiration of one year from rendition of the judgment appealed from; and a summons was immediately issued but was never served, and six months later an *alias* summons was issued and served, in the absence of explanation why the summons was not served earlier, the appeal will be dismissed. (Page 392.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; appeal dismissed.

*Hogue & Cotham,* for appellant.

*A. J. Murphy,* for appellee.

PER CURIAM. Judgment was rendered in the Garland Circuit Court on the 25th day of May, 1907, against M. A. Claiborne. The transcript was filed in this court on the 22d of May, 1908. An appeal was prayed and granted, and summons was issued and forwarded to the attorneys for appellant. That summons was never returned to the clerk's office, and was never served on the appellee or delivered to an officer to be served. An *alias* summons was issued on November 25, 1908, and was served on appellee on November 28, 1908. Appellee moves to dismiss the appeal.

In *Robinson* v. *Ark. Loan & Trust Co.,* 72 Ark. 475, it was held that when an appeal is granted, and an authenticated copy of the record is filed in the appellate tribunal, the suit is thereby removed to the appellate court. That when it is filed the appellate court's jurisdiction of the subject-matter is complete, and no other act is required to be done which can aid in the accomplishment of this object. The notice or summons does not aid in the removal, but calls the attention of the appellee to the fact that it has been removed. "The appeal is complete, and the appellate court can dismiss it if the appellant neglects to cause the notice to answer it to be given in a reasonable time, or fails to prosecute it in any other way."

In this case the appellant's appeal was not lodged in this court until three days before the year expired in which he was authorized to take an appeal. The summons was immediately issued, but never served; and six months thereafter an *alias* summons was issued and served. The court does not think that this is a reasonable time to delay the service of summons. No explanation is offered as to why the summons was not earlier served.

The appeal is dismissed.