## BIRMINGHAM *v.* RICE.

### Opinion delivered April 12, 1909.

1. APPEAL—DELAY IN SERVICE OF SUMMONS—DISMISSAL.—Where an appeal is granted in the Supreme Court, and the appellee fails to enter his appearance, summons must be served upon him within a reasonable time, or the appeal will be dismissed upon appellee's motion. (Page 307.)

2. SAME.—An appeal granted in the Supreme Court will be dismissed where appellant procured summons to be placed in the sheriff's hands immediately, but the summons was lost, and no effort to have an *alias* writ was made until seven months after the transcript was filed in the Supreme Court, and until the appellee had filed a motion to dismiss the appeal. (Page 307.)

Appeal from Lawrence Circuit Court; *W. E. Beloate,* Special Judge; appeal dismissed.

*C. T. Burns,* for appellant.

*McCaleb & Reeder* and *H. L. Ponder,* for appellees.

ON MOTION TO DISMISS APPEAL.

PER CURIAM. The decree appealed from was rendered by the Chancery Court of Lawrence County on August 27, 1907, and the appeal was granted by the clerk of this court on August 12, 1908. Summons was issued on that day to the sheriff of Lawrence County and sent to one of the attorneys for appellant, who delivered it to the sheriff with instructions to serve same, and also paid the sheriff his fee for the service. At that time one of the appellees had removed from the county, and the other one was a resident of Independence County. The summons is not accounted for further than by a sworn statement, made here by the deputy sheriff into whose hands it was placed, which says that the writ was lost and was not served on the appellees. Nothing further was done towards bringing appellees into court until after their motion was filed here on March 23, 1909, to dismiss the appeal. They entered their appearance for the sole purpose of moving to dismiss the appeal. Since then appellant has sued out process and had it served on them during the pendency of this motion.

The statutes of this State provide that "unless the appeal is granted by the inferior court, or the appellee enters his appearance in the Supreme Court, he shall be summoned actually or constructively, as provided by law for the service of a summons, to appear and answer the appeal or writ of error." Kirby's Digest, § 1193.

In *Robinson* v. *Ark. Loan & Trust Co.,* 72 Ark. 475, the court, speaking on this subject, said: "The notice or summons does not aid in the removal, but calls the attention of the appellee to the fact that it has been removed. The appeal is complete, and the appellate court can dismiss it if the appellant neglects to cause the notice to answer it to be given in a reasonable time, or fails to prosecute it in any other way."

It will be seen from this that the only question presented to

us on this motion is whether or not appellant has, within a reasonable time after the granting of the appeal, caused summons to be issued and served on appellees—in other words, whether he has proceeded with due diligence to bring his adversaries into court; for, unless he has done so, his appeal should be dismissed. In the present case neither the appellant nor his attorneys have done anything at all in that direction except to cause a summons to be issued on August 12, 1908, which was just two weeks before the expiration of the time allowed for taking the appeal. They placed this summons in the hands of the sheriff in whose county appellees had ceased to reside and where they could not be found. They took no further steps to ascertain whether service was had upon appellees or not. It can scarcely be urged with any show of plausibility that this was the exercise of due diligence, or that the appellees have been summoned within a reasonable time. More than seven months elapsed from the filing of the transcript in this court before the appellees were brought in by service of process; and this was done after they had moved to dismiss the appeal, and within a week before the case was set for hearing in this court.

We are of the opinion that no diligence on the part of appellant has been shown, and that under the circumstances detailed the appellees were not summoned within a reasonable time. *Claiborne* v. *Leonard,* 88 Ark. 391.

So the appeal will be dismissed.