*Ex parte* WHITLEY.

Opinion delivered June 15, 1914.

1. PRACTICE—TRANSCRIPT OF PROCEEDINGS—RULE ON STENOGRAPHER.—The Supreme Court has no power to grant a rule on the stenographer of a circuit court to compel him to furnish a transcript of the proceedings had in the trial in the circuit court. (Page 372.)

2. PRACTICE—TRANSCRIPT.—The Supreme Court has power to compel the clerk of a trial court to send up a transcript of the record of that court. (Page 373.)

Appeal from Prairie Circuit Court, Northern District; *Eugene Lankford,* Judge; rule denied.

*J. G. & C. B. Thweatt,* for petitioner.

PER CURIAM. The petitioner was, it appears, convicted below of a felony, and prayed an appeal to this court, and was given time to prepare a bill of exceptions. The oral proceedings were taken down by the court stenographer, and petitioner alleges that that officer refused to furinsh a transcript of the proceedings. He applies to us now for a rule on the stenographer to compel him to furnish a transcript of the proceedings so that the same may be incorporated in the bill of exceptions.

This court has no power to grant any such relief. It has power to compel the clerk of the trial court to send up a transcript of the record of that court (In re *Barstow,* 54 Ark. 551), for the clerk of a trial court is to that extent amenable to the orders of this court. Our powers are, however, limited to compelling the clerk to send up such record as has been made in his court, and do not extend to making the record of the trial court. The duties of the court stenographer are limited to making a record for the trial court, and as he is not an officer of this court for any purpose, and does not certify the record filed in this court, he is not within our reach.

The completion of the records of the circuit court falls exclusively within the jurisdiction of that court, and it would be an assumption of original jurisdiction for us to attempt to control the action of officers of that court.

When the record is once made there, we have, as before stated, authority to require the clerk to make a certified transcript and to send it up to this court; but we have no power to compel the officers of the court to discharge their duties in making up the record. Elliott on Appellate Procedure, § 206; *States* v. *Cromwell*, 104 N. Y. 664; *Thom* v. *Wilson, Excr.*, 24 Ind. 324. "We can not make a record for any of the lower courts," said the Supreme Court of Indiana in the case above cited. "That is their province, and all applications must be made to them."

Application denied.