## LINCOLN RESERVE LIFE INSURANCE COMPANY *v.* MORGAN.

### Opinion delivered January 15, 1917.

1. APPEAL AND ERROR—OBJECTION TO REFUSAL OF TRIAL COURT TO PERMIT WITNESS TO ANSWER QUESTION.—An objection to the refusal of the trial court to permit a witness to answer a question asked by appellant's counsel cannot be considered on appeal, where the record does not show what the answer of the witness would have been. This court reverses only for errors which are prejudicial.

2. EVIDENCE—AGE OF CERTAIN PERSON—ACTION ON INSURANCE POLICY.—In an action to recover on a policy insuring the life of one A., witness was asked to state his opinion of the age of A.'s daughter, A's age as given by himself in his application being disputed. *Held,* that issue was immaterial, and if it was material as a collateral matter, that the witness had not qualified as competent to express his opinion as to her age.

3. EVIDENCE—HEARSAY—PEDIGREE.—The date of a person's birth may be testified to by himself or by members of his family, although he must and they may, know the fact only by hearsay based upon family tradition.

4. EVIDENCE—HEARSAY—PEDIGREE—EXTENT OF RULE.—Under the exception as to pedigree, under the rule against hearsay, the term "pedigree" embraces not only descent and relationship but also the facts of birth, marriage and death, and the times when they occurred.

Appeal from Jefferson Circuit Court; *W. B. Sorrells*, Judge; affirmed.

The appellant *pro se.*

1.    The court erred in refusing to allow the witness to state how old Fannie Morgan appeared to be.    78 N. W. 715; 96 *Id.* 186.

2.    The evidence does not sustain the verdict. 61 Am. St. 751.

*Irving Reinberger*, for appellees.

1.    No foundation was laid for the questions propounded.    The evidence in reply to the question would be an expression of opinion merely on hearsay. 76 Ark. 288; 61 *Id.* 241; 64 *Id.* 523; 103 *Id.* 200; 6 Conn. 9, 13; Abbott Trial Ev. (2 Ed.) 112.    The exclusion of immaterial evidence is not error.    5 Ark. 223; 55 *Id.* 12; *Ib.* 163; 95 *Id.* 158.    The age was otherwise established.    74 Ark. 417.

2.    A verdict upon conflicting evidence will not be set aside.    67 Ark. 433, 531; 65 *Id.* 116, 255; 102 *Id.* 200; 75 *Id.* 111.

HART, J.    Appellees sued appellant to recover on a life insurance policy.    The Afro-American Life Insurance Company issued a life insurance policy to Amos Morgan, a negro, for $1,000.00, and appellees, his daughters, were named as beneficiaries in the policy. Subsequently the name of the insurance company was changed to the Lincoln Reserve Life Insurance Company and the sole business of the company was to insure negroes.

Amos Morgan died and the beneficiaries complied with the requirements of the policy in giving notice and proof of his death.    The company denied liability on the ground that Amos Morgan, deceased, fraudulently represented himself to be the age of sixty years when he was over that age and was not eligible to secure insurance in the company on account of being over age.

The jury returned a verdict in favor of appellees and the case is here on appeal.

In endeavoring to prove that Amos Morgan was over sixty years of age at the time he made application for the policy sued on, the company asked a witness

how old he was and the witness answered that he was fifty-five years old. The witness was further asked if he was acquainted with Fannie Morgan, a daughter of Amos Morgan, and he replied that he was. He was asked if he knew how old Fannie Morgan was and he replied that he did not. He was asked if she was older or younger than he was and he replied that he did not know. He was then asked the following: "Question: Well, in your opinion, how old is she generally regarded? (Objection by plaintiff and sustained by the court). Question: From her appearance, how old a woman would you take her to be?" "(Objection by plaintiff and sustained by court. Defendant duly saved its exceptions)."

Error is assigned on account of the action of the court in refusing to allow the witness to answer these questions.

(1) In the first place, it may be said that the record does not show what the witness would have answered or that his answers would have been in any wise prejudicial to its rights. It is well settled that a judgment will not be reversed unless it is shown that some prejudice will result to the rights of appellant. Hence, in order to obtain a review of the ruling of the trial court it was necessary to show what the answer of the witness would have been. *Ward* v. *Fort Smith Light & Traction Co.*, 123 Ark. 548; *New Hampshire Fire Insurance Co.* v. *Blakely*, 97 Ark. 564, and *Boland* v. *Stanley*, 88 Ark. 562.

(2) In the second place, the age of Fannie Morgan was not a material issue in the case and if it can be said that an inquiry into her age was not a collateral matter, still we do not think the witness could have been permitted to give his opinion as to her age unless he had detailed her appearance, manner and other facts upon which he based his opinion.

(3-4) The second assignment of error is that there is no evidence legally sufficient to support the verdict. One of the children of the insured was permitted to testify as to his age, and from her testimony

the jury was warranted in finding that he was not over sixty years of age at the time he made his application for the insurance policy. No objection was made to the introduction of this testimony. Besides it is well settled that the date of a person's birth may be testified to by himself or by members of his family, although he must, and they may, know the fact only by hearsay based on family tradition. This falls within the rule admitting such hearsay evidence in matters of "pedigree," which term embraces not only descent and relationship, but also the facts of birth, marriage and death, and the times when this occurred *Houlton* v. *Manteuffel* (Minn.), 53 N. W. 541, and cases cited; *Grand Lodge A. O. U. W.* v. *Bartes* (Neb.), 98 N. W. 715; 1 Greenl. Ev. 16 Ed. par. 114 c. & d. There was other evidence tending to show that Amos Morgan was under sixty years of age at the time he made application for the policy sued on.

The judgment will be affirmed.