UNITED ORDER OF GOOD SAMARITANS *v.* LOMAX.

## Opinion delivered December 6, 1926.

1. EVIDENCE—DECLARATIONS AS TO BIRTH.—In a suit by a beneficiary to recover insurance on her father's life, her testimony that her father told her that he was born in 1870, *held* admissible to establish her father's age at the time of his application for the insurance.

2. EVIDENCE—HEARSAY.—In a suit on a life insurance policy, testimony of a witness as to insured's age, as stated on certain applications sent in by various representatives of the insurer and not signed by the insured nor acquiesced in by him, *held* properly excluded as hearsay.

3. EVIDENCE—HEARSAY.—In a suit on a life insurance policy, testimony of a witness as to insured's age, as stated on certain insurance premium receipts found by him among insured's papers, *held* properly excluded as hearsay where the witness did not know when or by whom they had been issued or by what authority insured's age was therein stated.

4. TRIAL—IMPROPER ARGUMENT OF COUNSEL—PREJUDICE.—In a suit on an insurance policy, a statement to the jury by plaintiff's counsel that "these negro insurance companies always want to hold back and never want to pay claims against them" was improper, but its prejudicial effect was removed by the court's statement that the remark was improper, and by counsel's admission that he had departed from the record.

5. TRIAL—IMPROPER ARGUMENT—DISCRETION OF COURT.—Where counsel has gone beyond the bounds of legitimate argument, large discretion is vested in the trial court in determining the action appropriate to eliminating its prejudicial effect.

Appeal from Miller Circuit Court; *James H. McCollum,* Judge; affirmed.

*Louis Josephs,* for appellant.

*William H. Arnold, Jr.,* for appellee.

SMITH, J. Appellee, who was the plaintiff below, alleged in her complaint that, about July 30, 1920, her father, Isaac Williams, became a member of the United Order of Good Samaritans, hereinafter referred to as the order, which order issued to her father a certificate of membership, or policy of insurance, in which she was named as the beneficiary, in the sum of $350; that her father died December 23, 1923, and, at the time of his

death, the policy was in full force; that proof of death was duly made, whereupon the order paid her the sum of $175, but has refused to pay the balance, wherefore she sues.

The order filed its answer, admitting it had issued to the insured, Williams, a policy in the sum of $300, with funeral benefits in the sum of $50. The answer admitted the policy was in force at the death of the insured, but alleged that it contained the following clause: "Provided, however, that only one-half the amounts will be paid to the beneficiary of the deceased who was between the ages of 51 and 60 on the date of the issuance of this policy."

The answer alleged that, at the time the policy of insurance was issued, the insured was between the ages of 51 and 60, and it was alleged therefore that only $175 was due on the certificate sued on, and, as that sum had been paid, it was denied that anything further was due appellee.

It appears therefore that the only question properly raised by the pleadings and the admissions of respective counsel in open court was the one of fact, whether the insured was over fifty-one years of age at the time the policy or certificate was issued, and, when the cause was submitted to the jury, the order asked instructions reciting that the constitution and by-laws of the order, which had been introduced in evidence, were a part of the contract, and declaring what the effect of the constitution and by-laws was. The court refused all the instructions requested for the order, and submitted the case under two instructions, in one of which the jury was told, if the insured was under fifty-one years of age at the time the certificate was issued, to find for the plaintiff.

The other instruction reads as follows: "You are instructed that, if you find from the evidence in this case that the deceased, Ike Williams, was between the age of 51 and 60 years at the time the certificate was issued to him, then, under the contract and the law governing it, the plaintiff is not entitled to recover further, and your verdict will be for the defendant."

The instruction quoted interprets the provisions of the certificate and those of the constitution and by-laws correctly and submits the only issue of fact in the case to the jury. There was therefore no error in refusing to elaborate the purpose and meaning of the constitution and by-laws, as the instructions given told the jury to find for appellee if the insured was not over fifty-one years of age when the certificate was issued, and to find for the order if the insured was over fifty-one at that time, there being no question as to the amount of the recovery if appellee were entitled to recover at all.

A verdict was returned for the plaintiff for $175, and judgment was rendered accordingly, and the order has appealed.

Appellee was called as a witness in her own behalf, and testified that her father, the insured, told her he was born in 1870. This testimony was objected to as hearsay, and the refusal of the court to exclude it is one of the errors assigned for the reversal of the judgment of the court below.

No error was committed in this ruling. In the case of *Lincoln Reserve Life Ins. Co.* v. *Morgan,* 126 Ark. 615, 191 S. W. 236, it was said: ''Besides, it is well settled that the date of a person's birth may be testified to by himself or by members of his family, although he must, and they may, know the fact only by hearsay based on family tradition. This falls within the rule admitting such hearsay evidence in matters of 'pedigree,' which term embraces not only descent and relationship, but also the facts of birth, marriage and death, and the times when this occurred.'' (Citing cases).

In support of the defense that the insured was over fifty-one years of age when the certificate was issued, W. O. Hill testified that he was the secretary of the order and the custodian of its records. He testified that he had a record, made up from applications sent in by various representatives of the order, and he would have testified, had he been permitted to do so, that the records of the

order showed the insured was fifty-six years old when the certificate of membership was issued to him.

It appears from the preliminary examination of the witness, that the applicant for the insurance did not sign an application for membership, but the applications for membership were sent in and signed by the soliciting representatives of the order, and it was these applications which contained the age of the applicants. However, Hill did not offer to introduce these applications. The record before him was one which he said was made up from these applications. In other words, the witness proposed to testify what was shown by a record made up from reports sent in by its own representatives, which were not signed by the insured, and which were not shown to have been acquiesced in by insured. We are of the opinion that this was hearsay testimony, and that no error was committed in excluding it.

H. A. Williams was called as a witness for the order, and was asked to testify concerning the age of the insured Williams, as shown on certain insurance receipts which were found among the insured's papers after his death. This witness testified that he was present at deceased's home when search was being made for the certificate of insurance here sued on, and that there were found among deceased's papers certain receipts for insurance premiums dated in 1908 and 1910, which contained a statement of the insured's age at those times, which, if true, would have made the insured's age greater than fifty-one when the certificate sued on was issued. This witness knew nothing about these premium receipts, except that he had seen them and remembered the age of insured as there given. The receipts were not produced, and the witness did not know when or by whom they had been issued or by what authority insured's age was there stated. We conclude therefore that this testimony was properly excluded as hearsay.

During the closing argument, counsel for appellee made the following statement to the jury: "These negro insurance companies always want to hold back, and never

want to pay the claims against them. I have had several similar suits against other negro insurance companies, and I have had the same trouble with them.''

Counsel for appellee seeks to excuse this statement by saying that it was made in response to an argument by counsel for appellant. That argument does not appear in the bill of exceptions, but it is difficult, if not impossible, to conceive of an argument which would excuse a statement of this character. It was improper, and should not have been made.

It appears, however, that, when the statement was made, counsel for appellant objected and asked the court to admonish and reprimand counsel for making it, whereupon the court, addressing the jury, said: ''Gentlemen, no; Mr. Arnold, this is not proper; you will not consider anything except what was in the evidence.'' The record recites that, after this statement was made by the court, counsel for appellant objected and excepted to the remark, and he now insists that the ruling made and the remarks of the court in making the ruling were not sufficient to remove the prejudicial effect of the statement. As we have said, the remark of counsel was improper and should not have been made, but the court so ruled, and directed the jury not to consider it. In resuming his argument, counsel for appellee conceded that he had departed from the record. Under these circumstances we think the prejudicial effect of the argument was removed:

Necessarily, a large discretion must be exercised by the trial court in determining the action to be taken where counsel has gone beyond the bounds of legitimate argument, the action in each case being such as is deemed appropriate to eliminate the prejudicial effect of the improper argument. We think that was done here.

Upon the whole case we find no prejudicial error, so the judgment is affirmed.