FOREMAN *v.* DICKINSON.

Opinion delivered May 7, 1928.

124

*J. F. Wills* and *Frank Strangways,* for appellant.

*E. R. Parham,* for appellee.

HART, C. J., (after stating the facts). The decree of the chancery court was in favor of Frank Strangways and W. F. Strangways, and the record shows that they refused to join in this appeal, which is prosecuted alone by Herbert Foreman. · Herbert Foreman, in his answer, which was filed on December 29, 1926, disaffirmed his contract for the purchase of the automobile. His disaffirmance is placed on the ground that he was a minor at the time the contract was executed on the 7th day of June, 1926, and that he was still a minor at the time the answer was filed on December 29, 1926.

The decree of the chancery court is based upon the theory that Herbert Foreman became of age on the 10th day of October, 1926. There is no testimony in the record to warrant such a finding except the negative tes-

timony in the statements made by Herbert Foreman in his purchaser's statement and in the representation he made to the salesman of the Little Rock Motor Car Company at the time he made application to purchase the car and in another statement he made to another business firm with a view to purchasing goods from it. All the positive testimony in the record shows that Herbert Foreman was born October 10, 1906, and did not become of age until October 10, 1927. Herbert Foreman testified that this was the date of his birth and that he had seen it recorded in the family Bible. His grandfather, who was the physician who attended his mother at the time of his birth, testified that Foreman was born October 10, 1906, and that he recollected the date of his birth and that after his daughter's death he set down the age of her child in the family Bible. An uncle testified that he recollected that Herbert Foreman was born October 10, 1906.

The date of a person's birth may be testified to by himself or by members of his family. This falls within the rule admitting parol evidence in matters of pedigree, which includes birth, marriage and death. *Lincoln Reserve Life Ins. Co.* v. *Morgan,* 126 Ark. 615, 191 S. W. 236.

This court has also held that an infant is not estopped by his misrepresentations as to age to avail himself of the right to disaffirm his contract. *Arkansas Reo Motor Co.* v. *Goodlett,* 163 Ark. 35, 258 S. W. 975. In this case it was also stated that an infant was entitled to recover the price paid for an automobile purchased by her on returning the car although she had misrepresented her age to the seller, such article not constituting a "necessary" for an infant.

The chancellor was not justified in holding that the positive testimony of the witnesses in the record as to the age of Herbert Foreman was overcome by his misrepresentations as to his age. A preponderance of the evidence clearly shows that Herbert Foreman did not become of age until October 10, 1927, and that before this

time he had disaffirmed his contract for the purchase of the automobile. Indeed, the decree of the chancery court was rendered against him before he became of age.

It follows that the decree must be reversed, and the cause will be remanded with directions to the chancery court to render a decree dismissing the complaint of J. A. Dickinson against Herbert Foreman, and for further proceedings in accordance with the principles of equity, and not inconsistent with this opinion. It is so ordered.

OPINION ON REHEARING.

HART, C. J. We cannot grant the request of counsel for appellees to consider the liability of Frank Strangway sas indorser of the note of Herbert Foreman, for the following reasons: The decree in favor of Frank Strangways was entered of record in the chancery court on July 6, 1927. No appeal was taken from the decree in his favor by the Little Rock Motor Car Company until January 5, 1928. The time for appeal expired on the next day. No summons was issued until March 15, 1928. Summons was served Frank Strangways on that day; and on April 30, 1928, he filed a motion to dismiss the appeal against him. There was an unreasonably delay in the issuance and service of summons. Summons should have been issued immediately and served within a reasonable time. Therefore we must dismiss the appeal of the Little Rock Motor Car Company so far as Frank Strangways is concerned. *Claiborne* v. *Leonard,* 88 Ark. 391, 114 S. W. 917, and *Birmingham* v. *Rice,* 90 Ark. 306, 118 S. W. 1017.

The fact that Frank Strangways appeared as attorney for Herbert Foreman did not enter his own appearance to the appeal. It follows that the motion for a rehearing must be denied.