REYNOLDS *v.* UNION BANK & TRUST COMPANY.

Opinion delivered July 14, 1930.

PER CURIAM. Appellant, having obtained an appeal from a decree of the White Chancery Court and having lodged a certified copy of the decree in this court, now

asks the court to make an order directing the stenographer who took in shorthand a report of the oral testimony in said cause as required by act 267 of the Acts of 1925, to make and file with the clerk of said chancery court a transcript of his stenographic notes as required by said act. See Acts of 1925, p. 823. He asks that the court direct said stenographer to prepare and deliver said transcript of his notes, free from costs, *in forma pauperis*. This court has no jurisdiction to make such order. The remedy of appellant in such case is in the chancery court. While the chancery court could not make any change in its decree after an appeal had been taken and a transcript containing a certified copy of the decree was lodged in this court, it retained jurisdiction to perform any act in furtherance of the appeal. *Rindlaub* v. *Rindlaub*, 19 N. D. 352, 125 N. W. 479, and cases cited. The lower court does not by reason of the appeal lose its jurisdiction to do anything that may be necessary for the presentation of the case in the appellate court. 3 C. J., p. 1254, par. 1367. See also *Schofield* v. *Rankin*, 86 Ark. 86, 109 S. W. 1161.

In *State of Louisiana* v. *Clark*, 33 La. Ann. 422, it was held that, although the jurisdiction of the lower court ceases when the order of appeal has been granted, yet the court retains its power over its clerk to compel him to fulfill the ministerial duties of his office in the case. Our original jurisdiction in matters of mandamus does not extend to cases like this, and the application is denied.