BELL *v.* RICE.

Opinion delivered February 9, 1931.

*Huddleston & Hughes,* for appellant.

*Wm. F. Kirsch,* for appellee.

PER CURIAM. This is an appeal from a mortgage foreclosure decree rendered in vacation by agreement of the parties on the 12th day of June, 1930.

On the 8th day of December, 1930, a certified copy of the decree was filed with the clerk of this court, which

was four days before the time for appeal expired, and at the same time, a writ of certiorari was issued by the clerk of this court to the clerk of the chancery court to bring up the remainder of the record. The clerk of the chancery court by affidavit stated that on the 5th day of October, 1930, which was five days after the transcript had been ordered by counsel for appellant, he prepared a complete transcript of all the proceedings in the case in the chancery court and tendered the same to the attorney for appellant upon the payment of the legal costs in the sum of $50. Attorney for appellant refused to pay, and a few days before December 8, 1930, asked for a certified copy of the decree in the case, which was made and delivered to him. The record does not show that a summons was asked for or issued when the appeal was taken before the clerk of this court, until the 24th day of January, 1931, which was after appellee had filed a motion to dismiss the appeal and appeared in this court for no other purpose.

If counsel for appellant thought that the clerk of the chancery court was negligent in the performance of his duty in preparing a transcript of the record in the case, he had an appropriate remedy by mandamus in this court. In re *Barstow*, 54 Ark. 551, 16 S. W. 574.

The case of *Reynolds* v. *Union Bank & Trust Co.*, 182 Ark. 495, 30 S. W. (2d) 218, has no application. There the court held that, under the terms of the special act under consideration, the stenographer was accountable only to the chancery court which appointed him and had no direct duty whatever to prepare and authenticate the transcript to be filed in this court. There, as here, the clerk of the chancery court was under the statutory duty to prepare and authenticate the transcript on appeal. The stenographer of the chancery court was at all times amenable to the orders of the chancellor just as a stenographer of a circuit court is at all times amenable to its order in transcribing his notes in order that the bill of exceptions may be presented to the court within the

time allowed by it. In neither case is the stenographer required by statute to perform any duties for this court.

In the present case, under the facts stated, we are of the opinion that no proper diligence on the part of the appellant has been shown in perfecting the transcript on appeal; and that, under the circumstances shown by the record, the appellee was not summoned within a reasonable time. *Birmingham* v. *Rice*, 90 Ark. 306, 118 S. W. 1017, and cases cited; *Foreman* v. *Dickinson*, 177 Ark. 121, 6 S. W. (2d) 829. Therefore, the appeal will be dismissed.