McCULLOCH *v.* BALLENTINE.

4-5740                                   135 S. W. 2d 673

Opinion delivered January 15, 1940.

*L. E. Lister,* for appellant.

*H. C. Rains,* for appellee.

SMITH, J.   Bill Ballentine prayed an appeal from the judgment of the Sebastian circuit court sentencing him to a term of twenty-one years in the penitentiary. The stenographer of the 12th judicial circuit, of which Sebastian county is a part and who had reported the trial, was called upon to transcribe his stenographic notes, to be used in the bill of exceptions required on the appeal.   The stenographer refused to do so unless paid for that service.   Thereupon, Ballentine made affidavit conforming to § 2876, Pope's Digest, which reads as follows: "In all cases no party shall be denied his bill of exceptions on account of his inability to pay the stenographer's tax fee and for transcribing the stenographic notes when he makes affidavit that he has no property and is unable to pay the same.

Upon the stenographer refusing thereafter to transcribe his notes and to furnish a transcription thereof, mandamus was prayed and granted by the circuit judge of that circuit requiring the stenographer to do so, and from that order is this appeal.

The case of *Thornsberry* v. *State,* 192 Ark. 435, 92 S. W. 2d 203, is decisive of this appeal.   That opinion announced the proper practice in similar cases to be for an application to be made to the presiding judge to compel the stenographer to perform his duty.   This Ballentine did.   After defining the practice it was there said: "We make these observations simply for the purpose of indicating that defendants, regardless of how poor they may be, are entitled to a record of the proceedings in the court below to the end that those proceedings may

be intelligently reviewed by this court, and, the remedy is ample to compel the court stenographer to prepare a bill of exceptions for authentication by the trial court.''

Appellant insists, however, that § 2876, Pope's Digest, above quoted, does not apply to the stenographer of the 12th judicial circuit, for the reason that this office was created by a special act, No. 185, of the Acts of 1901, p. 339 § 3 of which reads as follows: ''That in all cases where the stenographer is called upon to make a transcript, he shall do so. Such stenographer's transcript to be used as a part of record for supreme court without additional charge by the clerk.''

Upon the authority of this § 3, it is insisted that only the clerk is required to perform the service mentioned without charge, and that the act does not require the stenographer to do so. This is true, and we must look to other portions of the act and to other legislation to determine what charges the stenographer is permitted to make. When we have done so, we find that § 2876, Pope's Digest, is a general law, applicable to all official court stenographers, and applies to the stenographer of the 12th judicial circuit as well as to all other official stenographers.

The only part of this § 3 dealing with official fees relates to the fees of the clerk of the court. The stenographer is required to make the transcript when called upon to do so, and if he does so under circumstances which make § 2876 applicable, as is the case here, he must do so even though Ballentine is unable to pay for that service.

The judgment of the court below is correct and is affirmed.