AUSTIN SCHOOL DISTRICT *v.* YOUNG.

4-8267                    204 S. W. 2d 902

Opinion delivered October 20, 1947.

*Madison K. Moran,* for appellant.

*W. P. Beard* and *E. H. Bostic,* for appellee.

HOLT, J.   Proceeding under provisions of § 11488 of Pope's Digest, on September 3, 1946, there was filed with the County Board of Education of Lonoke County a petition purporting to be signed by a majority of the qualified electors in Austin Special School District in said county, praying for the dissolution of the Austin District and that its territory be annexed to that of Cabot Special

School District in Lonoke county. The Board of Directors of the Cabot District also filed petition praying for the dissolution of the Austin Special School District and that its territory be annexed to that of Cabot Special School District.

Due notice of hearing on these petitions was given in accordance with the provisions of § 11481 of Pope's Digest, as amended by Act 271 of 1943, and on September 2, 1946, a hearing was duly had before the County Board of Education and the Board made a finding that "a majority of the qualified electors of said district had signed said petition, that notice of hearing as required by § 11481 of Pope's Digest had been given, and that the Board of Directors of Cabot Special School District has given written consent to have the territory of said Austin Special School District annexed to said Cabot Special School District.

"And it further appearing to the Board that everything has been done and performed for the dissolution of said Austin Special School District, and that an order should be entered by the Board, dissolving said school district and annexing the territory thereof to the Cabot Special School District." It then made the following order:

"It is therefore considered, ordered, and adjudged by the Board of Education that said Austin Special School District be and the same is dissolved and the entire territory thereof be and the same is hereby annexed to Cabot Special School District."

In apt time an appeal was taken by the Austin Special School District to the Lonoke Circuit Court.

Upon a hearing before the Circuit Court on February 12, 1947, all parties being present by their attorneys, the cause was submitted "upon the petition of the petitioners, the proof of publication of notice as required by law," and testimony of witnesses.

The court found "that a majority of the qualified electors of the Austin Special School District had signed the petition to annex the said Austin Special School Dis-

trict to the Cabot Special School District; that notice of hearing as required by § 11481 of Pope's Digest had been given, and that the Board of Directors of the Cabot Special School District had given written consent to have the territory of said Austin Special School District annexed to said Cabot Special School District," and ordered "that the said Austin Special School District be and the same is hereby dissolved and the entire territory thereof be and the same is hereby annexed to Cabot Special School District, etc."

This appeal followed.

Section 11488 of Pope's Digest, as amended by Act No. 327 of 1941, provides: "The county board of education may dissolve any school district and annex the territory thereof to any district, when petitioned to do so by a majority of the qualified electors of the district to be dissolved, and the board of directors of the district to which the territory is to be annexed. Provided further, that no district shall be attached to another district without the consent of the board of directors of the district to which the dissolved district is to be annexed."

This section relates to the power of the County Board of Education to dissolve any school district and annex its territory to another district, which requires a petition of a majority of the qualified electors in the district to be dissolved, and the consent of the Board of Directors of the district to which it is to be annexed.

Here, the proceedings below appear to have been regular and the great preponderance of the testimony, as we read the record presented, sustains the findings and orders of the County Board of Education and the findings and judgment of the Circuit Court of Lonoke county.

For reversal of the Circuit Court judgment, appellants, among other things, contend that the papers on appeal to the Circuit Court from the County Board of Education were not filed earlier than approximately seven days before the hearing February 12, 1947, and that they were denied sufficient time to examine the papers. We think this contention wholly without merit for the

reason that the record discloses that no motion was filed for a continuance on this ground and no objection appears to have been made to the trial on February 12th in the Circuit Court. No abuse of discretion has been shown.

Appellants' next contention that the court should not consider the petitions in question for the reason that only one was marked "filed" and none sworn to, is, we think, likewise without merit. It is undisputed that all of the petitions were before, and considered by, the County Board of Education and the Circuit Court on appeal and one of them bore a filing date of September 3, 1946, prior to these hearings, and it further appears that appellants raised no objections as to the validity of the petitions on this ground at either hearing. They made no claim that they were not familiar with the contents of these petitions or had been prejudiced, and, in these circumstances, they cannot be heard to complain here for the first time.

In proceedings such as are presented here, we find no statute, and appellants have pointed to none, requiring that the petitions, *supra,* be verified by the person who circulated them.

Appellants next contend that the entire proceedings below were void because, as they aver, J. M. Park, a member of the County Board of Education, was also a member of the Board of Directors of the Cabot Special School District and therefore disqualified to act in the matter. This contention, even if a valid one, which we do not decide, was not properly or seasonably raised below.

Other objections were assigned and it suffices to say that we have considered them all and find each to be untenable.

On the whole case, finding no error, the judgment is affirmed.