McElvain v. Border.

4-8923                                                 221 S. W. 2d 793

Opinion delivered June 27, 1949.

*E. L. Hollaway*, for appellant.

*Fietz & McAdams*, for appellee.

Frank G. Smith, J. Appellants filed in the Circuit Court for the Eastern District of Clay County a petition for certiorari to quash an alleged order of the Board of Education of that County, dissolving School District No. 76 and attaching its territory to School District No. 11. In the judgment from which is this appeal it was found that ''the order of the Clay County Board of Education dissolving School District No. 76 and attaching said dis-

trict to School District No. 11 in Clay County was made according to law". The petition was dismissed and from that order is this appeal.

The question of fact in this case is whether the order calling for an election abolishing District No. 76 and annexing its territory to District No. 11 was made by the County Board or by the County Supervisor of Schools.

It may be said that the order complained of is valid on its face as the court found, and contains the recitals of all the facts essential to confer jurisdiction on the County Board to make the order in question. If this finding was untrue or unsupported by the testimony the remedy of protestant was to appeal from that order. That the right of appeal exists in such cases is established by the opinions of this court in the following cases: Austin School Dist. v. Young, 212 Ark. 75, 204 S. W. 2d 902; Acklin v. Jackson County Board of Ed., 212 Ark. 422, 206 S. W. 2d 745; Hale v. Hope School Dist. No. 1-A, 212 Ark. 915, 208 S. W. 2d 431.

It is not contended that the order complained of is void on its face, or that the right of appeal was lost without fault. Having an adequate remedy by appeal certiorari did not lie.

The ruling of the State Board of Education is that orders abolishing school districts and attaching their territory to other districts can be made only by the County Board of Education, and not by the County Supervisor of Education, and we think this ruling is correct.

It does appear that the notice of the special election on dissolving District No. 76 and attaching its territory to District No. 11 was given by the County Supervisor of Education. But this power was conferred and this duty imposed on that officer by Act 202 of the Acts of 1947, § 1 of which reads in part as follows: "The County Supervisor shall give notice of each annual school election and all special school elections called for any purpose * * *".

Under the authority of this Act the notice was properly given by the Supervisor. No error appears and the judgment must be affirmed and it is so ordered.