WIRGES *v.* BEAN, JUDGE.

5-3183, 5-3242, and 5-3252        378 S. W. 2d 641

Opinion delivered May 11, 1964.

[Rehearing denied June 1, 1964.]

G. *Thomas Eisele,* for Petitioner.

No brief was filed for respondent.

Ed. F. McFaddin, Associate Justice. These three cases all arise from the same incident and therefore have been consolidated in this Court. From the allegations in the various pleadings filed by Mr. Wirges, we understand that he, as plaintiff, had a case pending in the Conway Circuit Court; that on March 19, 1963, one of his attorneys moved for a continuance which was denied; that his said attorney then moved for a voluntary nonsuit; that the Conway Circuit Court (Judge Wiley W. Bean, presiding) informed Wirges' counsel that the Court wanted Mr. Wirges personally present in Court concerning the motion for voluntary nonsuit; that Mr. Wirges appeared in open Court, and in the course of granting the voluntary nonsuit the Court had Mr. Wirges sworn and asked him certain questions and made certain remarks to him; and then the Court granted the voluntary nonsuit, as prayed. What Mr. Wirges desires is a transcript of all that transpired while he was in the court room on March 19, 1963. Before proceeding to a decision, we identify these three cases by their numbers in this Court.

## I.

Case No. 3183 is an original proceeding in mandamus, filed in this Court on October 11, 1963, by Mr. Wirges as Petitioner, against Hon. Wiley W. Bean, as Judge of the Conway Circuit Court. We are asked to issue a writ of mandamus against Judge Bean, requiring him to order his Court Reporter to file for the inspection of Mr. Wirges the transcript of the said proceedings of

March 19, 1963. Mr. Wirges claims he wants this transcript so he can see exactly what the Judge said to him and about him at that time. Mr. Wirges alleges that he asked the Court Reporter, Mr. Arrington, to furnish him the said transcript, and offered to pay for the same, but the said Court Reporter said he would not furnish the said transcript unless and until the Circuit Court ordered him to do so. Mr. Wirges claims that he then asked Judge Bean to order Mr. Arrington to file the said transcript, and Judge Bean refused. On these allegations we are asked to issue a writ of mandamus against Judge Bean, requiring him to make the said order which Mr. Wirges desires. This case will be referred to as "the mandamus case."

## II.

Case No. 3242 in this Court will be referred to as "the ex parte appeal." On August 30, 1963, Mr. Wirges filed a petition in the Conway Circuit Court, styled, "Ex Parte Gene Wirges." The pleading was a motion, praying for ". . . an order directing the Reporter to transcribe and make available to the Petitioner a full and complete transcript of the proceedings of March 19, 1963, referred to above." There was no defendant in the case and no summons was issued on the Petition. The transcript reflects a docket entry of October 7, 1963: "Ex Parte motion for transcript of proceedings re Gene Wirges, March 19, 1963. Over-ruled." It is apparent that this ex parte appeal case was a further effort by Mr. Wirges to get the transcript referred to in the mandamus case.

## III.

Case No. 3252 is an original proceeding in this Court, filed January 8, 1964, styled, "Ex Parte Gene Wirges," and is a petition praying that this Court issue a writ of *Certiorari* ". . . directing that the transcript

of March 19, 1963 be brought up and made a part of the record herein, and, that upon examination thereof, said proceedings be quashed.'' This Case No. 3252 is Wirges' third attempt to put before this Court, in one form or another, his insistence that he is entitled to have furnished to him (for which he is willing to pay) a copy of what transpired concerning him in the Conway Circuit Court on March 19, 1963.

So much for the description of the cases. At the outset we mention that the thing which puzzles us in the consideration of all three of these cases is why Mr. Wirges insists so vehemently on having a stenographic transcription of what Judge Bean said to him and about him in his presence. Mr. Wirges and his attorney were both before Judge Bean and heard all that was said; and Judge Bean in his response to the petition for mandamus has attached as an exhibit a portion of Mr. Wirges' newspaper, ''The Morrilton Democrat,'' of October 10, 1963, in which appeared a full page article about what transpired in Judge Bean's Court on March 19, 1963. Since Mr. Wirges heard all that Judge Bean said, and since one of his lawyers was present in Court and heard the entire matter, what does Mr. Wirges need with the transcribed record of what was said? When the Court granted Mr. Wirges his desired voluntary nonsuit there was left no justiciable issue before the Court in that cause. Mr. Wirges' explanation is that he needs the transcription to consider what he should do in other cases pending by or against him in the Conway Circuit Court. It occurs to us that proceedings in discovery in those other cases might be a more appropriate procedure. But, regardless of why Mr. Wirges wants the transcription, we reach the conclusion that he has not proceeded in the correct and approved way to get the said transcript: that is, he has not taken the approved course to get the transcript, even assuming—but not deciding—that he was entitled to it.

I. His first case here is the mandamus case. Mr. Wirges wants us to mandamus the Conway Circuit Court

to in turn mandamus the Court Reporter of the Conway Circuit Court (who has never been brought into Court) to furnish Mr. Wirges a transcript of what transpired in the Conway Circuit Court on March 19, 1963. We can mandamus a Trial Court to hear a case; but we cannot control the judicial discretion of the Court by telling the Court how to decide the case. *Branch* v. *Winfield,* 80 Ark. 61, 95 S. W. 1007; *Maxey* v. *Coffin,* 94 Ark. 214, 126 S. W. 729; *Nixon* v. *Grace,* 98 Ark. 505, 136 S. W. 670; *Cantley* v. *Irby,* 186 Ark. 492, 54 S. W. 2d 286. Mr. Wirges had a plain and adequate remedy against the Court Reporter who failed to furnish the desired transcription. The procedure in *McCulloch* v. *Ballentine,* 199 Ark. 654, 135 S. W. 2d 673, will be subsequently mentioned. Mr. Wirges cannot use mandamus as a substitute for such remedy. *Basham* v. *Carroll,* 44 Ark. 284; *Automatic Weighing Co.* v. *Carter,* 95 Ark. 118, 128 S. W. 557; and *Snapp* v. *Coffman,* 145 Ark. 1, 223 S. W. 360. So the mandamus proceeding in this Court must be denied.

## II.

The second case is the ex parte appeal. The case of *McCulloch* v. *Ballentine, supra,* shows the procedure that Mr. Wirges should have pursued. When the Court Reporter, Mr. Arrington, was asked by Mr. Wirges to furnish the desired transcription, Mr. Arrington informed Mr. Wirges—as Wirges says—that he (Arrington) would not comply with Wirges' request until the Circuit Court ordered him to do so. Mr. Wirges should then have filed *an adversary mandamus proceeding against Mr. Arrington* in the Circuit Court. Instead, Mr. Wirges elected to proceed ex parte; and that was an error in procedure. In *McCulloch* v. *Ballentine, supra,* we emphasized that the correct proceeding was against the Court Reporter:

"Upon the stenographer refusing thereafter to transcribe his notes and to furnish a transcription thereof, mandamus was prayed and granted by the circuit judge of that circuit requiring the stenographer to do so, and from that order is this appeal."

Likewise, in *Thornsberry* v. *State*, 192 Ark. 435, 92 S. W. 2d 203, we pointed out the correct procedure:

"We note in the statement of the appellant that he moved the court to require the reporter to transcribe the testimony, and this motion was refused. Court stenographers are usually paid salaries which are supposed to compensate them for their duties in taking the testimony in criminal cases and preparing bills of exception. When they fail or refuse to do this the circuit court, on proper application, should compel the performance of this duty. This court has held that application must be made first to the trial court for an order to compel the performance of the stenographer's duty. *Sutton* v. *City of Little Rock*, 191 Ark. 603, 87 S. W. 2d 20. In this case, from the statement of appellant, it appears that he made this application, but his remedy, on the refusal of the trial court to compel the stenographer to perform his duty, was by application to this court for review of the action to the court below. We make these observations simply for the purpose of indicating that defendants, regardless of how poor they may be, are entitled to a record of the proceedings in the court below to the end that those proceedings may be intelligently reviewed by this court, *and the remedy is ample to compel the court stenographer to prepare a bill of exceptions for authentication by the trial court.*" (Emphasis our own.)

Likewise, in *Sutton* v. *Little Rock*, 191 Ark. 603, 87 S. W. 2d 20, the appellant had failed to obtain the proper record and had asked this Court to obtain it for him. Such relief was refused, and we said:

"Appellant's only remedy in this case is by mandamus in the circuit court and against the stenographer thereof to compel the stenographer to prepare and file a transcription of the proceedings had and done in the cause, and, since no such proceeding is before us for review, we pretermit any discussion of the merits of appellant's contentions."

The language from *Sutton* v. *Little Rock* can admit of no misunderstanding: there must be a mandamus in

the circuit court "against the stenographer thereof" to compel the stenographer to prepare and file the transcription.

So the ex parte appeal of Mr. Wirges presents no justiciable issue to us, since the necessary party—*i.e.*, Mr. Arrington, the Court Reporter—was not a party to the record below and is not a party on this appeal; and it is against him that the mandamus must be directed. But the dismissal of this ex parte appeal is without prejudice to Mr. Wirges' right to file a mandamus proceeding against the Court Reporter upon making the proper allegations for a cause of action.

### III.

The third case is the *certiorari* proceeding; and we find that Mr. Wirges has misconceived the procedure. *Certiorari* cannot be used as a substitute for another adequate remedy. As we have already stated, Mr. Wirges' remedy was to file a mandamus action against the Court Reporter in the Circuit Court. That remedy has not been pursued; and he cannot use *certiorari* as a substitute for that procedure. *Merchants & Planters Bank* v. *Fitzgerald,* 61 Ark. 605, 33 S. W. 1064; *Stroud* v. *Conine,* 114 Ark. 304, 169 S. W. 959; *Kenyon* v. *Gregory,* 127 Ark. 525, 192, S. W. 887; *McElvain* v. *Border,* 215 Ark. 626, 221 S. W. 2d 793. So the petition for *certiorari* is dismissed.

We have not overlooked Act No. 148 of 1953, even though it was not mentioned in the brief. Prior to the Act No. 148, we had uniformly held that the court reporter of the trial court was not subject to the direct order of the Supreme Court as regards the preparation and/or filing of the transcription of the testimony heard in the trial court. The case of *Ex Parte Whitley,* 113 Ark. 372, 168 S. W. 144, states the holding and the reasons for it. To simplify procedure after the Supreme Court had acquired jurisdiction on appeal, the Legislature of 1953 enacted the said Act No. 148, captioned and reading as follows:

"AN ACT to Clarify the Supreme Court's Jurisdiction in Matters Affecting Appeals.

"*Be It Enacted by the General Assembly of the State of Arkansas*:

"SECTION 1. Where the Supreme Court has acquired jurisdiction of a cause, but it is made to appear that the record is incomplete for want of documents, exhibits, or a bill of exceptions, and the trial court has lost such jurisdiction, the Supreme Court or a judge thereof shall have power to direct a writ to any clerk, reporter, or other person charged with the duty of preparing the matter in question, and may require compliance with its discretionary orders."

Thus, when a case has been appealed to the Supreme Court the court reporter of the trial court is now directly amenable to our orders in regard to preparing and/or filing the transcription of the testimony heard in the trial court. We recognized and applied the Act No. 148 in the case of *Edwards* v. *State,* 232 Ark. 748, 339 S. W. 2d 947. But the said Act No. 148 affords Mr. Wirges no relief in any of these three cases here involved. The mandamus case, as well as the *certiorari* case, is an original proceeding in this Court; and the Act No. 148 is limited to cases involving appellate jurisdiction. The caption so states. The ex parte appeal of Mr. Wirges is without a proper and necessary party—*i.e.,* the Court Reporter —and, therefore, presents no justiciable issue.

The petition for mandamus is denied, as is also the petition for *certiorari;* and the ex parte appeal is dismissed.

In No. 3242, Justice WARD concurs because he believes there is no justiciable issue.

HARRIS, C. J., and GEORGE ROSE SMITH, J. dissent in No. 3242.

GEORGE ROSE SMITH, J., (dissenting). It seems to me that in Case No. 3242, the ex parte appeal, the majority are taking an altogether unrealistic position in holding

that Wirges should have filed a conventional lawsuit against the court reporter, with a formal complaint, service summons, time for answer, and so forth. I find nothing in our prior decisions that lays down such a requirement.

Wirges filed a motion asking that the court reporter be directed to make available a transcript of the proceedings of March 19, 1963. In substance that motion amounted to exactly the same thing as an application for mandamus. The stenographer is, as we said in *Bell* v. *Rice,* 183 Ark. 105, 35 S. W. 2d 88, at all times amenable to the orders of the circuit court itself, acting under the supervision and control of the circuit judge. It would have been a simple matter for the court, in passing upon Wirges' motion, to have conducted an informal hearing and given to the reporter whatever instructions were thought to be appropriate. To me it is unthinkable that this litigant, in order to obtain a record to which in my opinion he was entitled as a matter of right, should be required to file an adversary proceeding merely to convince the circuit judge that he should direct his own stenographer to transcribe his notes.

A comparable situation arises under our own Rule 5. This rule provides that if an appellant thinks that our clerk is in error in refusing to accept a tendered record he may file a motion for a rule to require the clerk to docket the appeal. It has never been suggested that we should have our clerk served with a summons so that the dispute may be brought to an issue by written pleadings. In my judgment it is equally unreasonable to require this appellant to engage in formal litigation with a court stenographer as a condition to obtaining a transcript of the proceedings.

HARRIS, C. J., joins in this disent.