## JENKINS *v.* QUICK

### Opinion delivered December 2, 1912.

1. INSTRUCTION—SINGLING OUT TESTIMONY.—It was not error to refuse an instruction which singles out a particular class of testimony in the class and directs the jury to consider it in connection with the other evidence. (Page 469.)

2. APPEAL AND ERROR—REMARKS OF COURT—NECESSITY OF EXCEPTION.— A remark of the court, not excepted to, can not be insisted upon on appeal. (Page 470.)

3. WITNESSES—IMPEACHMENT—RELEVANCY OF AFFIDAVIT.—An affidavit in a replevin case made by the plaintiff is not relevant to impeach him where he does not deny making it and it does not contradict his testimony. (Page 470.)

4. INSTRUCTIONS—REPETITION.—It is not error to refuse to give an instruction which is fully covered by other instructions given. (Page 471.)

5. APPEAL AND ERROR—HARMLESS ERROR.—Appellee's counsel used the following language: "I want to say that any man that would commit the crime which I believe Harold Jenkins (appellant) has committed against Uncle Tom Quick (appellee), as shown by the testimony in this case, ought to be in the penitentiary." The court sustained an objection to the language, whereupon appellee's counsel apologized and withdrew the statement. *Held* sufficient to remove any prejudice that might otherwise have been created in the minds of the jury. (Page 471.)

Appeal from White Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*S. Brundidge,* for appellant.

1. Instruction 1, for appellant, should have been given. Affidavits by either party to a suit concerning the subject-matter thereof are always admissible as evidence for the purpose of contradicting affiant when he testifies. 89 Ark. 487; 68 *Id.* 587; 93 *Id.* 2; 55 *Id.* 85.

2. The opening statement and closing argument of

plaintiff's attorney was improper and prejudicial. 58 Ark. 353; 61 *Id*. 138; 63 *Id*. 174; 65 *Id*. 626; 70 *Id*. 306.

3.   The charge of the court, so far it refers to a conditional sale, was abstract and misleading.   77 Ark. 567; 63 *Id*. 177.

4.   A trial court has no discretion to refuse instructions appropriate to any theory of the case sustained by competent evidence.   82 Ark. 503; 77 *Id*. 128; 50 *Id*. 545; 96 *Id*. 212; 69 *Id*. 632; 77 *Id*. 531.

*J. N. Rachels* and *John E. Miller*, for appellee.

1.   No objection was made nor exceptions saved to the ruling of the court on the admission of the affidavit nor to the remarks of counsel.   97 Ark. 623; 77 *Id*. 27; *Ib*. 418.

.2.   Isolated facts should not be singled out for instructions.   The charge of the court on the whole case properly stated the law. 62 Ark. 287; 57 *Id*. 512; 37 *Id*. 333.

3.   The remarks of the attorney were neither improper nor harmful.   67 Ark. 368; 76 *Id*. 40; 74 *Id*. 256; 98 *Id*. 85; 93 *Id*. 75; 77 *Id*. 1.

4.   It is unnecessary to repeat instructions where the court has already properly charged the jury on the same subject.   99 Ark. 597; 98 *Id*. 212.

WOOD, J.   The appellee sued appellant in replevin to recover the possession of a horse.   His affidavit set up the allegation of ownership and the usual statutory requirements. Appellant denied the allegations of the plaintiff, and set up that he had sold the horse obtained from the appellee, and that he was not in the possession thereof at the time the suit was brought.

The contention of the appellee was that he had traded horses with the appellant on condition that if the mare obtained from appellant in exchange for the horse of appellee did not possess certain qualities which appellant guaranteed her to possess, or if appellee was not satisfied with her, he should be permitted to rue the trade.

Appellee testified that the appellant, in making the trade, said to the appellee concerning the mare: "If you are not satisfied with her, and she don't do what I say, you come back, and I will give you the horse back." The testimony of appellee tended to prove that the mare was unsatisfactory

to him, and that he attempted to have appellant take her back, but that appellant refused.

On the other hand, it was contended by appellant, and the evidence in his behalf tended to prove, that he traded his mare for appellee's horse, and that the trade was in no manner a conditional one.

During the progress of the trial the court permitted the appellant to introduce an affidavit of the appellee, made before the justice of the peace before whom the suit was instituted, in which the appellee charged that the appellant "did obtain of affiant the possession of one horse of the value of $150 by false pretenses." When appellant offered the affidavit, the court remarked: "You can introduce the affidavit if you want to, but it will not have anything to do with the contract between these parties as to the horse trade." The appellant did not except to this remark of the court.

The appellant offered the following prayer for an instruction, which the court refused, towit:

"If you find from the testimony that after the consummation of the trade between the plaintiff and defendant, the plaintiff executed an affidavit in which he charged the defendant with having obtained a horse from the plaintiff under false pretenses, that this is a circumstance which the jury may take into consideration in determining the question as to whether or not the trade for the horse was conditional or unconditional; and if you believe from the testimony, both direct and circumstantial, that, at the time the trade was made, the only condition existing between the parties was included in the contract of sale, and that in the event the mare should not prove to be as represented, the defendant would make compensation to the plaintiff, then the plaintiff is not entitled to recover in this action, and you will find for the defendant."

The appellant contends that the refusal to give this prayer was error. In *Railway Co.* v. *Lyman,* 57 Ark. 512, we held that it was not error to refuse an instruction which singles out a particular class of testimony in the case and directed the jury to consider it in connection with the other evidence. See also *Winter* v. *Bandel,* 30 Ark. 362; *Newton* v. *State,* 37 Ark. 333; *Carpenter* v. *State,* 62 Ark. 287; *Western Coal & M. Co.* v. *Jones,* 75 Ark. 76; *Quertermous* v. *State,* 95 Ark. 48.

Appellant did not except to the remark of the court stating that the affidavit did not have anything to do with the contract between the parties, and therefore he can not complain of this language here. The affidavit was in evidence, and therefore must have been considered by the jury in connection with the other evidence; but the court did not err in refusing an instruction stating and emphasizing for what purpose the affidavit should be considered. The affidavit was not relevant evidence because the appellee did not deny that he made it, and there was nothing in the affidavit that tended to controvert the contention that the trade between appellant and appellee was a conditional one, as contended by the appellee.

The appellant presented the following prayer for instruction, which the court refused, towit: "You are instructed that, in determining the question as to whether or not the mare in fact came up to the representations of Mr. Jenkins, they must consider only the question as to whether she possessed certain desirable qualities as then mentioned, or whether she failed to possess certain undesirable qualities as then mentioned, and any captious objection would not be pertinent for them to consider."

In its oral charge the court instructed the jury in part as follows: "Mr. Jenkins contends that he guaranteed that this mare had certain qualities, was reliable, and that upon this guaranty he would have been responsible in damages, and, if that was the contract, this action is improperly brought, and should have been brought for damages, and not for the possession of the property; but if the contract was that it was only a conditional sale that Mr. Quick was to complete on trying the horse to see if it had certain qualities, then that would have been a conditional sale; if the horse had not come up to requirements or representations, then Mr. Quick could have demanded the return of his horse." And, while the court was delivering his oral charge, one of the attorneys for appellant interposed with the following language: "There is some testimony whether the mare in fact came up to the recommendations of Mr. Jenkins, and they must only consider as to whether or not the mare in fact possessed certain desirable qualities, as those mentioned, or whether she failed to possess

other undesirable qualities than mentioned, and any captious objection would not be pertinent for them to consider." Whereupon the court responded, "Yes," thereby virtually approving the above language of the attorney as a part of the oral charge.

Conceding that the prayer for instruction No. 2 was correct, it was fully covered by the instructions which the court gave, and to which appellant saved no exceptions. It is not error to refuse to grant prayers for instructions where such prayers are fully covered by other instructions. *Chicago Mill & Lumber Co.* v. *Ross,* 99 Ark. 597; *Williams* v. *State,* 100 Ark. 218; *St. Louis, I. M. & S. Ry. Co.* v. *Aiken,* 100 Ark. 437.

In the closing argument counsel for appellee used the following language: "I want to say that any man who would commit the crime which I believe Harold Jenkins has committed against Uncle Tom Quick, as shown by the testimony in this cause, ought to be in the penitentiary." Upon objection being made, the court sustained the objection, and directed the jury not to consider the statement. The attorney for the appellee thereupon apologized to the jury and withdrew the statement. The remarks, although only the expression of the opinion of counsel, were highly improper, and tended to reflect upon the integrity of one of the parties, who was also an important witness in the case. But the conduct of the court in sustaining the objection to the language, and in directing the jury not to consider it, and the conduct of offending counsel in apologizing and withdrawing the improper statement, was sufficient to remove any prejudice that might have otherwise been created in the minds of the jury.

Finding no reversible error, the judgment is affirmed.