HUGHES v. SPECIAL SCHOOL DISTRICT No. H OF HAYNES.

Opinion delivered September 30, 1918.

1. SCHOOLS AND SCHOOL DISTRICTS—DISSOLUTION OF DISTRICT—PETITION.—The county court, under Kirby's Dig., § 7548, has no authority to dissolve a school district except upon a petition of a majority of the electors residing in such district.

2. SAME—DISSOLUTION OF DISTRICT—DISCRETION OF COURT.—Although a petition of a majority of the electors residing within a certain district has been filed in the county court asking for its dissolution, the county court in the first instance, and the circuit court on appeal, has a discretion in the matter which is to be exercised for the best interests of the citizens of the district to be affected.

3. SAME—DISSOLUTION OF DISTRICT—DISCRETION OF COURT.—In exercising its discretion in regard to the dissolution of a school district the court could take into consideration all the circumstances which would affect the territory and the inhabitants thereof within the district proposed to be dissolved as well as the adjoining districts.

4. SAME—DISSOLUTION OF DISTRICT—DISCRETION OF COURT.—The judgment of the trial court refusing to dissolve a school district will not be reversed unless it clearly appears that it has abused its discretion.

Appeal from Lee Circuit Court; *J. M. Jackson,* Judge; affirmed.

*H. F. Roleson* and *Mann, Bussey & Mann,* for appellants.

This case was before this court in 119 Ark. 592 and 128 *Id.* 129. The petition contained a majority of the electors in the district. The petitions here were accepted and acted upon as genuine. There is no showing that the signatures are not genuine. The petitions are jurisdictional. 49 Ark. 18; 51 *Id.* 48; 70 *Id.* 449. The judgment should be reversed and the district dissolved as a clear majority petitioned.

*D. S. Plummer* and *Daggett & Daggett,* for appellee.

1. The trial in the circuit court was *de novo.* 104 Ark. 145; 117 *Id.* 541. It was incumbent on petitioners to show (1) that a majority of the electors had signed the petition, and (2) that due notice had been given. Kirby's Digest, § 7548-9. The petitions do not state that

they contain a majority, nor was it proven. 104 Ark. 145; Kirby's Digest, § 7549.

2. The petition filed in the county court for reorganization of District No. 39 was properly not admitted as evidence. 119 Ark. 162; 111 *Id.* 79.

3. Remonstrating petitions were properly filed and considered. 119 Ark. 149; 63 *Id.* 543.

4. The petition for dissolution does not contain a majority of electors. The court found that it did not. The discretion lodged in the trial court is not abused and the finding and judgment should stand. 104 Ark. 145; 117 *Id.* 531; 119 *Id.* 595.

WOOD, J. This action was instituted under section 7548 of Kirby's Digest, authorizing the county court to dissolve any school district ''whenever a majority of the electors residing in such district shall petition the court so to do.'' Petitions were filed in the county court of Lee County in the following form: ''We, the undersigned, citizens and electors residing within the territory of Special School District No. H, of Haynes, Arkansas, respectfully petition the court and pray that Special School District No. H, of Haynes, Arkansas, be dissolved and its powers and duties be declared void and no longer existing, and that the indebtedness due by it and the funds on hand to its credit be apportioned according to law.''

The trial court entered a judgment which contains the following recital: ''The court, after having heard the evidence adduced, finds that the petitions filed herein are not sufficient nor in such form as to enable the court to make an intelligent disposition of the territory embraced within such Special School District and attach the same to adjoining districts and proportion the indebtedness due by said Special School District in the manner required by law. The court further finds that said petitions filed herein do not contain a majority of the qualified electors residing in the territory of said Special School District at the date of the filing of said petitions, and further finds that it would not be to the

best interests of such districts, or the districts to which the territory thereof would be attached, to dissolve said Special District and proportion the indebtedness thereof as required by statute." Then follows the judgment dismissing the petitions, from which judgment is this appeal.

In *Stephens* v. *School District No.* 85, 104 Ark. 149, we said: "But in a proceeding of this nature the court is only warranted in making an order upon the petition of a majority of the electors residing on such territory consenting to, or requesting the formation of a new school district. That fact must be made to appear by the petitioners." The above was said with reference to the formation of new school districts under sec. 7544 of Kirby's Digest, which provides: "The county court shall have the right to form new school districts or change the boundaries thereof upon a petition of a majority of all the electors residing upon the territory of the districts to be divided." The rule announced in *Stephens* v. *School District No.* 85, *supra,* is applicable as well to the statute (§ 7548) now under review.

In *Hughes* v. *Robuck,* 119 Ark. 592, the issue was whether or not this same district should be dissolved. In that case, speaking of the petition, we said: "but the court has no authority to dissolve any particular district except upon the filing of a petition conforming to the requirements of the act above quoted," referring to § 7548 of Kirby's Digest, *supra* (Act April 1, 1895).

In the opinion (*Hughes* v. *Robuck,* p. 595) we further said: "This act of 1895 does not require the county court to dissolve the district upon the filing of a proper petition therefor. It merely confers upon the county court the authority to do so. A discretion abides with the court in passing upon the petition." In *Rural Special School District No.* 17 v. *Special District No.* 56, 123 Ark. 570-573, we said: "We have held in several cases that the county court exercises discretion with respect to change of the boundaries of common school districts. *Hale* v. *Brown,* 70 Ark. 471; *Stephens* v. *School District No.* 85, 104 Ark. 145; *Carpenter* v. *Leatherman,* 117 Ark.

531; *School District No.* 45 v. *School District No.* 8, 119
Ark. 149. The same reason would apply for holding that
the county court has discretion in annexing territory to
a single school district.'' It will thus be seen that the
effect of our decisions is that, in the matter of forming,
annexing territory to, changing boundaries of, and dis-
solving school districts, the statutory requirements as to
the petition therefor must be met. And further, when
the statutory requirements are fulfilled, the county court
in the first instance, and the circuit court on appeal and
upon trial *de novo,* still ''has a discretion in the matter
which is to be exercised for the best interests of the
citizens of the district to be affected.''

The petitions praying for the dissolution of Special
School District No. H of Haynes, Arkansas, do not re-
cite that the signers to such petitions constitute a ma-
jority of the electors residing in the district. The pe-
titions, therefore, do not show on their face that they con-
tained a majority of the electors residing in the district.
The issue as to whether or not the various petitions, con-
sidered as one, contained a majority of the electors re-
siding in the district was purely one of fact. Appellants
contend that their proof shows that at the time the peti-
tions for the dissolution of Special School District No. H
of Haynes, Arkansas, was filed, there were 156 electors
residing in the territory. Special School District No. H
of Haynes was composed of what was formerly the terri-
tory embraced in District No. 39 and a part of District
No. 1. There was testimony tending to show that at the
time the Special District No. H was created there were
156 electors residing in District No. 39, but there is no evi-
dence showing, or tending to show the number of electors
that resided at that time in that portion of the territory
of Common District No. 1, which had been taken from
that district and included in Special District No. H.

One of the witnesses named 17 electors as residing
in that portion of the territory of District No. 1 which
went to form Special District No. H, but he also testified
that such number was ''not near all the people that lived

on that part of Special District No. H at that time." He was sure that such number "was not all, but he could not tell how many there were." But if it were conceded that the proof showed the territory comprising Special District No. H contained no more than 173 electors at the time the petition for dissolution was filed, still it can not be ascertained from the evidence set forth in the record with certainty that the petition for dissolution contained a majority of such electors.

The appellants presented petitions on which appeared 150 names, but as we have seen there was no *prima facie* showing that these were electors of Special District No. H, and the burden was upon appellants to show that they were. The court properly eliminated from its consideration a petition that was circulated by one Ross Hughes, because there was no competent testimony that the purported names thereon were genuine signatures of electors residing within the district.

But it could serve no useful purpose as a precedent to set out and discuss further in detail the evidence bearing upon the issue as to whether a majority of the electors residing within the Special District No. H signed the petition of dissolution thereof. The court found that such was not the fact and we are not convinced from a careful examination of the record that this finding was erroneous. But even though we were mistaken as to this and the testimony in the record showed conclusively that a majority of the electors residing in Special District No. H had signed and filed a petition to the county court asking for the dissolution of the district, still we would be unwilling to hold that the trial court abused its discretion in refusing to dissolve the district. In exercising its discretion the court could take into consideration all the circumstances that would affect the territory and the inhabitants thereof within the district proposed to be dissolved, as well as the adjoining districts. See *School District No. 45* v. *School District No. 8*, 119 Ark. 149; also *Hale* v. *Brown, supra.*

To this end it was proper for the court to consider the petitions of remonstrance, and the court might also properly have taken into consideration the fact that the qualified electors residing in what was formerly District No. 39, if such were the fact, had petitioned the county court to include that territory in another district. But, even though the court might have erred in not considering this testimony, the error is not one for which the judgment should be reversed, because we do not deem it prejudicial.

While all the matters affecting the district sought to be dissolved and the districts adjoining were germane to the issue involved, nevertheless, under the authorities above cited, the court has a discretion in determining the issue, and its judgment thereon should not be reversed unless it clearly appears that it has abused its discretion and committed an error that is prejudicial to the rights of the party complaining thereof. As was said in *School District No.* 45 v. *School District No.* 8, *supra*: "The county court is not bound to grant the petition merely because the prerequisites are complied with, but that court, or the circuit court on appeal, may exercise a discretion in regard to making the change."

No prejudicial error appearing in the record, the judgment is affirmed.