### COTNER *v.* BANGS.

Opinion delivered February 17, 1919.

1. SALES—FRAUDULENT REPRESENTATIONS.—In order for representations to be fraudulent in law, they must be material, and must be made by one who either knows them to be false or else, not knowing, asserts them to be true, and made with intent to have the other party act upon them to his injury, and such must be their effect.

2. APPEAL AND ERROR—MATTERS REVIEWABLE—EXCEPTIONS.—Error in rulings of court regarding remarks of counsel in argument cannot be considered where no exceptions were saved.

Appeal from Logan Circuit Court, Southern District; *James Cochran,* Judge; affirmed.

*Leon Westmoreland* and *Ratteree & Cochran,* for aplant.

The cause should be reversed because of error in sustaining the demurrer, improper argument of counsel and because the verdict is contrary to the law and evidence. 71 Ark. 185; 70 *Id.* 512; 134 U. S. 68; 3 Words and Phrases (1 ed.), and 8 *Id.* 7064; 1 *Id.* 559; 34 Ark. 93;

94 *Id.* 7; 74 *Id.* 340. Appellee not only had the opportunity to read but actually read and signed the contract and understood it. *Supra.* Improper arguments and statements made which were prejudicial. 87 Ark. 461; 12 A. & E. Enc. Law, 727. These improperly influenced the jury and there was no testimony upon which to base them. *Supra.*

*Kincannon & Kincannon,* for appellee.

The evidence was conflicting and the verdict should not be disturbed, as there was evidence legally sufficient to sustain it. 109 Ark. 471; 131 *Id.* 362; 89 *Id.* 321; 93 *Id.* 548; 111 *Id.* 83; 113 *Id.* 400.

The false representations were sufficient to avoid the contract. 1 Elliott on Contracts, p. 105, § 72; 29 L. R. A. (N. S.) 447; 54 S. W. 989. Appellee testified that appellant Cotner stated that unless he got 1,000 bales the contract would be all off. That avoids this contract, as, if appellants were not bound, appellee is not. 30 Ark. 186.

No improper argument was made but if so, no exceptions were saved in the bill of exceptions. It is not sufficient for them to appear in the motion for a new trial. 121 Ark. 269; 126 *Id.* 300; 131 *Id.* 445.

WOOD, J. This suit was instituted by the appellants against the appellee to recover the possesion of five bales of cotton under an alleged contract entered into between the appellants and the appellee, whereby the appellee agreed in consideration of the sum of $1 and the sum of fourteen cents per pound, to be paid by the appellants, to sell appellants a crop of cotton consisting of the first six bales of middling cotton, to weigh not less than 450 pounds, raised on a farm cultivated by appellee during the year 1917.

Appellants allege that the appellee had in his possession five bales of the cotton which he refused to deliver under the contract; that the cotton was worth, at the time it should have been delivered. the sum of 27½ cents per pound; that appellants had offered to pay the contract

price for said cotton which the appellee refused to receive; that the difference between the contract price and the market value of the cotton at the time of the institution of the suit was $292.50. Appellants prayed judgment for the possession of the cotton and for damages in the sum of $292.50.

The appellee answered admitting that he executed the contract as alleged in the complaint, but set up that the same was obtained by "false and fraudulent representations" on the part of the appellants in that appellants represented that they were making a contract to buy cotton to be delivered in the fall at fourteen cents per pound, provided that they could obtain 1,000 bales; that they had almost secured the number of bales desired naming several farmers who had signed for all the cotton on their farms; that they had executed a bond in the sum of $50,000 at the Citizens Bank to guarantee that they would take the cotton contracted for with various parties, when ready for market; that the appellee relied on these representations as being true and signed the contract; that the representations were all false and were made for the purpose of misleading and inducing him to sign the contract.

There was testimony on behalf of the appellants tending to prove the allegations of their complaint and there was testimony on behalf of the appellee tending to prove that the contract sued on was signed by him upon certain false and fraudulent representations made by the appellants, set up in his answer.

The cause was sent to the jury upon an instruction which told them in substance that if appellee was induced to sign a contract by reason of false and fraudulent representations on the part of appellants, the contract would be void, otherwise it would be a valid contract and would be binding on the appellee. That the burden to prove the false and fraudulent representations by preponderance of the evidence was upon the appellee. Appellants did not object to the instruction.

The jury returned a verdict in favor of the appellee and from a judgment based upon the verdict is this appeal.

It was an issue of fact as to whether or not the appellee was induced to sign the contract upon false representations made by the appellants.

The law upon the subject has been frequently announced in numerous decisions of this court and is as follows: "In order for representations to be fraudulent in law, they must be material to the contract or transaction, and must be made by one who either knows them to be false, or else, not knowing, asserts them to be true, and made with the intent to have the other party act upon them to his injury, and such must be their effect." *Joyce* v. *McCord,* 123 Ark. 492, syllabus 2, and cases cited therein, and other cases cited in 3rd Crawford's Digest, section 2, p. 2289.

Appellants contend that there was error in the ruling of the court in permitting certain remarks of the counsel for the appellee in argument, but no exceptions were saved to these remarks at the trial, hence, we cannot consider them.

There is no error in the record and the judgment is, therefore, affirmed.