WHEELIS *v.* FRANKS.

4-3479

Opinion delivered June 4, 1934.

*George R. Steel,* for appellant.

*Shaver, Shaver & Williams,* for appellee.

BUTLER, J. The controversy involved in this action is over the office of county examiner of Little River County. The appellant, L. F. Wheelis, was the county superintendent of schools of said county at the time of the passage of act No. 26 and act No. 247 of the Acts of the General Assembly of 1933.

By act No. 26, approved February 9, 1933, the office of county superintendent of schools was abolished and that of county examiner created. This act had no emergency clause appended, and therefore did not go into effect until ninety days after its passage.

On March 29, 1933, and within the ninety days from the passage of act No. 26, *supra,* a supplemental act was passed and approved, the same being act No. 247. This act contained an emergency clause and abolished the office of county superintendent of schools and created the office of county examiner in lieu thereof.

By § 4 of act No. 26 the county judge was authorized to select and employ a person to serve as county examiner of schools. The only restriction on the power of the county judge was that the person selected should have certain qualifications. By § 3 of act No. 247, *supra,* the county court was vested with the power of appointment but only upon the recommendation of a majority of the duly licensed teachers residing in the county.

On March 30, 1933, following the passage of act No. 247, appellant Wheelis and appellee Franks filed with the clerk of the county court their separate and several applications for appointment to the office of county ex-

aminer. Each of their applications was recommended in writing by a number of the licensed teachers. On consideration of these petitions, the county court found that "both petitioners have a majority of the licensed school teachers in the county," and thereupon appointed appellee Franks to the position. From this order an appeal was prosecuted to the circuit court of the county, which court, upon a hearing, held that a majority of the licensed teachers had recommended the appointment of Wheelis and adjudged that he be appointed county examiner and directed that its order be certified to the county court as the order of that court, which was accordingly done.

The county court thereupon appointed the appellant Wheelis as county examiner for the term of one month at a salary of $25 and caused to be delivered to him, as such examiner, all the records pertaining to the office. The appellant, acting upon the authority of the order of the county court, took possession of the records and entered upon the discharge of his duties as county examiner on August 11, 1933. Within the month between August 11 and September 11, 1933, a petition was circulated for the appointment of the appellee Franks which was presented to the county court after the expiration of the period for which Wheelis was appointed. Upon an examination of this petition, the county court found that Franks had been recommended by a majority of the licensed teachers of the county, and on the last-named date appointed him to succeed Wheelis. Franks qualified as county examiner under said order, and, upon the failure and refusal of Wheelis to surrender the office and records pertaining thereto, the instant action was instituted by the appellee Franks under the provisions of §§ 8332 and 8341 of Crawford & Moses' Digest. On September 23, 1933, the circuit court entered an order adjudging the office and records thereof to the appellee, Franks, from which is this appeal.

It is conceded that the proceedings are controlled by the provisions of act No. 247, *supra,* and therefore the principal question is the proper construction of that act. It will be observed that neither in act No. 26 nor in act

No. 247 is there a definite term fixed for which a county examiner shall serve. By act No. 26 (§ 4 thereof) the county judge is authorized to "select and employ a person to serve as county examiner of schools and contract with him for such services for a period not to exceed two years, subject to the approval of the quorum court at its first session following the appointment"; at a salary of not exceeding $600 per annum, and by § 3 of act No. 247 the following provision is made: "The office of county examiner is hereby created. Said examiner shall be appointed by the county court upon the recommendation of a majority of the duly licensed teachers residing in the respective county," and nowhere in this act is there any reference made to the duration of the period for which the county examiner shall serve.

It was the opinion of the trial court, in which we concur, that, no definite term of office having been fixed, it was the intent of the Legislature to vest discretion in the county court in the matter of fixing and limiting the period of employment of the county examiner and in fixing his salary. The judgment of the circuit court on the first appeal in this case simply found that a majority of the licensed teachers had recommended the appointment of Wheelis as county examiner and adjudged that he be appointed as such by the county court without fixing any definite time in which he should serve or any salary he should receive. Therefore the county court had the discretion to fix the term and the salary, which it did, and, of course, at the expiration of that time said court was authorized to appoint another person having the required qualifications and being recommended by the requisite number of the licensed teachers.

The argument is made that the construction placed on the acts of the Legislature by the court below would make the office of county examiner and its incumbent the mere creature of the county court, subject to removal at will with or without cause, which would be destructive to the best interest of the schools. We have no way of ascertaining the legislative intent except from the language employed in the acts, and, as this is unambiguous,

we must give to it its obvious meaning. It has been too often held, as now to be a matter of debate, that the Legislature is clothed by the Constitution with plenary power over the management and operation of the public schools. It is for the Legislature to declare the policy with reference to the schools, and, however much this court might doubt the wisdom of the policy declared, it has no power to alter it. Where the Legislature clothes any officer or tribunal with the authority to appoint officers for an indeterminate period, that power carries a discretion which the courts cannot invade unless such discretion can be clearly shown to have been arbitrarily exercised. 22 R. C. L. 430. It is not doubted but that, where an office having no fixed term is filled by appointment, the appointing power may fix the term, or it may be held at its pleasure. *Beasley* v. *Parnell,* 177 Ark. 912, 9 S. W. (2d) 10, and cases therein cited.

We conclude that the trial court correctly construed the act under consideration, and its judgment is therefore affirmed.