STEPHENS v. O'NEEL.

4-8103                                    196 S. W. 2d 917

Opinion delivered October 28, 1946.

*Rowell, Rowell & Dickey,* for appellant.

*T. S. Lovett, Jr.,* and *E. W. Brockman,* for appellee.

McHaney, Justice.   Appellant and appellee were rival candidates, in the democratic primary election held on August 13, 1946, for nomination to the office of circuit clerk and recorder of Lincoln county.   The democratic county central committee cast up the election returns and found appellant had received 1,019 votes and appellee had received 1,036 votes, or a majority of 17 votes for appellee, who was accordingly certified on August 16, 1946, as the party nominee.

Appellant, on August 26, 1946, within the statutory period of ten days allowed for this purpose, filed his action to contest the certificate of nomination issued to appellee, the grounds of which are unimportant here.   Attached to this complaint was an affidavit, captioned "Qualified Electors' Statutory Affidavit," as required by § 4738 of Pope's Digest, purporting to be signed by ten qualified electors who stated that the facts alleged in the complaint were true and correct to the best of their knowledge and belief.   Thereafter, on August 30th, appellee filed his motion to dismiss the complaint on the ground, among others, that the signers of the affidavit were not qualified electors.   On September 11, the court heard the evidence on the motion to dismiss, found that one of the affiants, J. E. Moore, was not a qualified elector, and dismissed the action.   This appeal is from that order.

It is undisputed in this record, in fact it is conceded by appellant, that the affiant, J. E. Moore, made no assessment of his property or poll in 1944.   An assessment was made by James E. Moore, a nephew of the affiant, on which, by mistake of both him and the collector, the affiant was permitted to pay taxes in 1945, and a poll tax receipt was issued to him.   The affiant admitted that the assessment on file signed by James E. Moore was not his—that it was not his signature.   While he thought he had assessed, there was no evidence of it on file with the assessor.

We have many times held that to be a qualified elector one must both assess and pay his poll tax in the manner provided by law. In fact it is so declared by statute, § 4739 of Pope's Digest, being § 6 of Act 123 of 1935, the last sentence of which provides: "Qualified elector is hereby construed to mean any person who is entitled to vote in said election or has assessed and paid a poll tax as required by law." We think the language "any person who is entitled to vote in said election" has reference to persons who have come of age since the last preceding assessing time before the election. All others, to be qualified electors, must have "assessed and paid a poll tax as required by law." Such is the plain and unambiguous language of the statute.

But we so held prior to the enactment of the statute. In 1932, in the cases of *Collins* v. *Jones* and *Burrow* v. *Watson,* both decided in a single opinion, 186 Ark. 442, 54 S. W. 2d 400, we said: "It is not only settled that the law applies alike to both men and women in regard to the assessment and payment of poll taxes as a qualification to vote, but it has also been several times decided that neither a man nor a woman can become an elector without being assessed as required by law (unless they have come of age since the assessment was due), although he or she possess a poll tax issued by the collector of taxes." Some of the other holdings in the same case are that a separate assessment in the manner provided by law must precede the issuance of a poll tax, that the assessment must be in writing, cannot be oral, and must be upon blanks approved by the State Tax Commission. See, also, *Henderson* v. *Gladish,* 198 Ark. 217, 128 S. W. 2d 257; *Murphy* v. *Trimble, Judge,* 200 Ark. 1173, 143 S. W. 2d 534.

Since the affiant, J. E. Moore, was not a qualified elector, as the trial court properly held, there remained only nine affiants on the affidavit which was an insufficient number to give the court jurisdiction to proceed with the contest. It has been so held in several cases, two of them being *Thompson* v. *Self,* 197 Ark. 70, 122 S. W. 2d 182, and *Murphy* v. *Trimble, supra.*

Therefore, the court properly dismissed the complaint and its judgment is accordingly affirmed.

ROBINS, J., concurring. I agree that the holding of the lower court was in accordance with former decisions of this court, in which it has been declared that a technical observance of the law as to making an assessment is essential to a valid poll tax receipt. But I believe that we should announce a determination to reconsider these decisions with a view to eliminating any requirement for eligibility of a voter not expressed in the constitution.

The constitution thus fixes the qualifications of voters in this state: They must be citizens of the United States, twenty-one years of age, residents of the state for twelve months, of the county for six months, of the precinct for thirty days, and must "exhibit a poll tax receipt or other evidence that they have paid their poll tax at the time of collecting taxes next preceding such election." No other limitation on the right to vote, except the provision authorizing disfranchisement of felons, is contained in the constitution. Nowhere does the constitution make the validity of a poll tax receipt, evidencing payment by the voter in the time required by law, depend on the voter's signature to an assessment list. Such a requirement cannot be justified on the theory that it is merely a part of a registration system, because our constitution, art. III, § 2, provides: "Nor shall any law be enacted whereby the right to vote at any election shall be made to depend upon any previous registration of the voter's name."

Neither the legislature nor the courts may properly add to or subtract from the constitutional definition of an elector. The participation, at the ballot box, by the citizen in the affairs of government is vital, and the citizen's path to the polls ought not to be beset with any barrier or impediment not put there by plain provision of the constitution.

I am authorized to state that Mr. Justice MILLWEE concurs in the views expressed above.