WALLACE SCHOOL DISTRICT No. 1, LITTLE RIVER COUNTY v.
COUNTY BOARD OF EDUCATION.

4-8694 216 S. W. 2d 790

Opinion delivered January 17, 1949.

*Seth C. Reynolds,* for appellant.

*Shaver, Stewart & Jones,* for appellee.

ROBINS, J. Appellants, Wallace School District No. 1 of Little River County, and C. C. Jeffries, Gus Priest, A. L. Scott and J. A. Johnson, electors of said District, prosecute this appeal from judgment of the circuit court by which order of the County Board of Education dissolving said District and annexing its territory to Foreman School District No. 25, was affirmed.

The order of the County Board of Education was made on a petition purporting to be signed by fifty-nine electors of the Wallace District, asking for a dissolution of that district and annexation of its territory to the Foreman District. This petition was filed with the County Board of Education on September 4, 1947.

The principal ground for reversal urged by appellants is that it was shown in the trial below that an election was held in the Wallace District on August 2, 1947 (a little more than a month before the filing of the petition under consideration herein), at which election the proposal to dissolve the Wallace District and annex its territory to the Foreman District was voted down by the electors.

Section 1 of Act No. 235 of the Acts of 1947, which amends § 11488, Pope's Digest, is as follows:

"The County Board of Education may dissolve any school district and annex the territory thereof to any dis-

trict within the county when petitioned to do so by a majority of the qualified electors of the district to be dissolved, or by an election held in the district where a majority of the votes cast are in favor of the dissolution and annexation, and upon the consent of the board of directors of the district to which the territory is to be annexed.''

The legislature thus provided two methods by which an existing school district may be dissolved and its territory annexed to that of another district: First, by a petition signed by a majority of electors of the district to be dissolved; and, second, by a majority vote for the proposal at an election held in such district. Provisions for the calling and conducting of said election are contained in other parts of the law.

Appellants urge that since the dissolution was acted upon adversely by the voters at the polls, a petition presenting the same proposal could not be thereafter filed.

It is not contended that there is anything in the statute that forbids procedure such as was followed here or that we have ever held that an election on such a proposal closes the door to further consideration thereof. But appellants seek to draw an analogy between the situation here and that presented by an attempt to repeal or amend a statute or ordinance adopted at an election held under the constitutional provisions for exercise of the powers of Initiative and Referendum by the people; and they cite decisions in which it was held that legislatures and city councils are limited in power to deal with measures adopted by the people.

It is clear that the analogy asserted by appellants does not exist. In the cases cited attempts by legislative bodies to change or annul Acts that had been adopted by voters at the polls are involved. Here we are dealing with the exercise (on two succeeding occasions) of power (duly conferred under legislative enactment) by the same body—the electors of the Wallace District.

The legislature did not see fit to foreclose future action on a proposal to dissolve and annex to another

district the territory of a school district simply by the exercise of one of the methods of ascertaining the will of the district's electors. We have often held that the creation, organization and regulation of school districts are matters exclusively within the province of the legislature. *Wheelis* v. *Franks,* 189 Ark. 373, 72 S. W. 2d 231; *Fowlkes* v. *Wilson,* 205 Ark. 895, 171 S. W. 2d 958.

While propriety of the decision of the legislature on a matter of procedure in dissolving a school district may not be reviewed or questioned by us, it may be pointed out that sound reasons may have influenced legislative failure to make action on a proposal to dissolve a district, whether such action be taken by election or on petition, a bar to future action by those affected. It might occur that after the defeat or the adoption of such a proposal physical changes in the area—such as abandonment or destruction of a vital road or bridge, or flooding of territory by a dam project—would make action previously taken on the proposal entirely contrary to the best interest of those concerned.

Since the legislature did not see fit to make the result of an election such as we are considering here conclusive for all time or for any specified length of time, we think the lower court did not err in holding that the electors had a right to file the petition, and the County Board of Education had the power to grant it, even though the proposal presented in the petition had received an adverse vote at an election previously held.

It is also urged by appellants that the requisite majority on the petition was not shown.

There was testimony that at the hearing before the County Board of Education each side was represented and that after going over the poll tax list it was agreed that there were eighty-six voters in the Wallace District; and that while fifty-nine persons signed the petition only fifty-one of these were eligible to sign. Appellants do not seriously dispute the correctness of the finding that eighty-six was the total number of voters; they argue only that witnesses who testified as to this did not know

the exact boundary lines of the district; but they do not offer any list which they say correctly represents an enumeration of the eligible voters, nor do they assert how many such voters there were. Appellants do not argue that, after allowing their challenges, there were less than forty-eight names of authorized signers remaining on the petition. We, therefore, cannot say that the finding of the County Board of Education, and of the circuit court, that the petition was signed by the requisite majority is without substantial testimony to support it.

The views expressed above make it unnecessary to consider contention of appellees that the election relied on by appellants was void for failure to give proper notice thereof.

The judgment of the lower court is affirmed.