The Honorable Dave Bisbee State Representative 174 Pyramid Drive, Route 1 Rogers, Arkansas 72756
The Honorable Jim Von Gremp State Representative P.O. Box 866 Bentonville, AR 72712
Dear Representatives Bisbee and Von Gremp:
This is in response to your joint request for an opinion on five questions involving the funding of public education in Arkansas, and specifically the levy of millages to support the erection and maintenance of school buildings. Your five questions will be restated below and answered in the order posed.
Your first question is whether "the Constitution of the State of Arkansas require[s] an equal expenditure of state money per child in order to provide a general, suitable and efficient system of education."
If by "state money per child" you mean only those monies that come from the state and not local funds, it is my opinion that the answer to your question is "no." If local funding is in place, the state has an obligation to attempt to equalize that funding across the state so that unconstitutionally disparate funding between districts does not occur. Of course, to achieve such goal, the state funds distributed will likely be unequal. If, however, by "state money per child" you mean the total public funds expended per child, including local funds, it is my opinion that the exact dollar amounts do not have to be identical, but the Arkansas Constitution requires that each child be afforded an "equal educational opportunity." See DuPree v. Alma School District No. 30, 279 Ark. 340,651 S.W.2d 90 (1983). See also Magnolia School District No. 14 v. Arkansas State Board of Education, 303 Ark. 666, 799 S.W.2d 791
(1990). The court has not, in either case cited above, indicated whether exacting equality in the funds spent per child is required. It has been noted generally by the Arkansas Supreme Court, however, that in such instances, precise equality and uniformity may be unattainable, and approximate equality and uniformity is what is required. See generally Krause v. Thompson, 138 Ark. 571,211 S.W. 925 (1919). In any event, the funding level must be such that the constitutional guarantees of the Arkansas Constitution's equal protection clause, and art. 14, 1 are met.
Your second question is whether local tax revenues of the respective school districts raised pursuant to Article 14, 3
of the Arkansas Constitution may be included in meeting the state's obligation to provide a general, suitable and efficient system of education. It is my opinion that the answer to this question is "yes." The Arkansas Supreme Court's decision in DuPree, supra, sheds some light on this question as follows:
 Ultimately, the responsibility for maintaining a general, suitable and efficient school system falls upon the state. `Whether the state acts directly or imposes the role upon the local government, the end product must be what the constitution commands [when a district falls short of the constitutional requirements], whatever the reasons for the violation, the obligation is the state's to rectify it. If local government fails, the state government must compel it to act, and if the local government cannot carry the burden, the state must itself meet its continuing obligation.'
279 Ark. at 349, citing Robinson v. Cahill, 303 A.2d 273 (N.J. 1973).
Thus, although it is the state's ultimate responsibility to provide a general, suitable and efficient system of education, this function may be imposed by the state upon local government, including local school districts. The state may therefore impose this burden on local school districts, and include the local monies raised in the state's total effort to comply with the commands of the Constitution.
Your third question is whether it is the state's responsibility or the local district's responsibility to provide buildings and equipment to meet the legislatively required standards such as student-teacher and student-classroom ratios. As noted above, it is the state's responsibility to ensure an "equal educational opportunity" for each public school child. To the extent that the buildings and equipment you mention are necessary to provide such opportunity, the responsibility ultimately falls upon the state. As seen above, however, the state may impose this burden upon the local districts if it chooses. It may also provide for the dissolution, annexation or consolidation of districts which do not comply with the burdens imposed. Although local school districts are given express constitutional authority to levy taxes for the "erection and equipment of school buildings," (see Arkansas Constitution, art. 14, 3), this provision is not a mandate, but rather simply grants the electors of a district the authority to levy taxes for erection of buildings if they choose to do so. If the electors of a particular district fail to levy the taxes necessary to give its students the buildings and equipment necessary to ensure them an "equal educational opportunity" the state must make up the difference, as noted in DuPree, supra, or provide for consolidation or annexation in order to meet the requirements of the Constitution.
Your fourth question is as follows:
 If the local district undertakes the erection and maintenance of buildings pursuant to Article 14, section 3 of the Constitution in order to meet legislatively imposed standards, may the tax monies raised for that purpose be included in discharging the state's responsibility to provide a general, suitable and efficient system of education?
I am unclear on what is meant by the "including" of building levies to "discharge" the state's responsibility to provide a general, suitable, and efficient system of education. As noted earlier, however, the state can impose its responsibility on the local districts to the extent it deems appropriate. Additionally, if your question inquires whether the state can in some fashion include building millages in the calculation used to determine how much state aid is to be distributed to school districts, it is my opinion that the answer to your question is "yes." This is a question for the General Assembly, as I can find no constitutional prohibition restricting its authority in this regard. It has been held that the "Legislature is clothed by the constitution with plenary power over the management and operation of the public schools. It is for the Legislature to declare the policy with reference to the schools. . . ." Wheels v. Franks, 189 Ark. 373,72 S.W.2d 231 (1934). It has also been stated that "[o]ur Constitution makes it the duty of the Legislature to provide by general laws for the support of common schools by taxes. Article 14, 3, of the Constitution. This court has always recognized that the Legislature has full and complete power in the matter except as restricted by the Constitution." Special School District No. 60 v. Special School District No. 2,181 Ark. 253, 25 S.W.2d 443 (1930). I can find no constitutional provision which would restrict the General Assembly's power to use building millages in the calculation of state aid. Of course, however, the legislature is prohibited from actually diverting local tax funds levied for buildings in a particular district to another district, absent a consolidation or annexation of the two. See School District of Hartford v. West Hartford Special School District, 102 Ark. 261 (1912). It does not appear, however, that this is the issue posed by your question.
Your fifth question is whether the inclusion of millage used to service building and maintenance debt in the calculation of the "charge level" as proposed in a bill you have submitted with your request violates the provisions of art. 14, 3 of the Arkansas Constitution. It is my opinion that the answer to this question is "no." The bill, in pertinent part, amends A.C.A. 6-20-306(a)(2) to provide for a 25 mill "charge" against the assessed valuation of school districts, for purposes of applying the school funding formula. The bill also provides, however, that this "charge" shall be increased by one-tenth mill for each two million five hundred thousand dollar increase in funding by the state for Minimum Program Foundation Aid. In no event, however, shall the charge level be "increased to an amount greater than the average millage voted by school districts in the State of Arkansas in the second previous year to the year in which the aid is distributed." (Emphasis added.) I assume your question, therefore, is whether mills levied for erection and equipment of buildings can be included in the definition of "the average millage voted by school districts" without violating art. 14, 3. It is my opinion that the inclusion of building mills in the "average millage" is a matter within the discretion of the General Assembly. I can find nothing in art. 14, 3 which prohibits this aspect of the bill.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh