The Honorable George French State Representative 190 Tracy Drive Monticello, Arkansas 71655-3867
Dear Representative French:
This is in response to your request for an opinion on whether it is "legal for the Arkansas State Board of Education to set the school employee health insurance contribution rate for the Arkansas Public Schools." You note that pursuant to recent changes in the Arkansas Public School finance formula, school districts are now responsible for paying employer health insurance contributions on behalf of their employees. Formerly, these amounts were allocated through the State Department of Education (a state appropriation) for all eligible employees of the public schools. You note that "this change in the contribution process seems to have shifted the responsibility of the insurance contribution from the State to the local school districts. You state that: "[t]herefore, it is argued that mandating a rate increase without increasing state funding specifically designated for this purpose would, in fact, equate to a local tax increase." You state that the "school superintendents of SEARK Educational Service Cooperative respectfully submit that the Arkansas State Board of Education does not have the legal authority to set the public school employer contribution rate."
In my opinion the answer to your question is "yes," it is "legal" for the State Board of Education to set the school employee health insurance contribution rate.
A state statute controls the question. Section 6-17-1117 (Supp. 1997) of the Arkansas Code provides that:
 Local school districts shall pay the health insurance contribution rate established by the State Board of Education for each eligible employee electing to participate in the public school employee health insurance program. [Emphasis added.]
This statute clearly gives the Board of Education the legal authority to set the contribution rate to be paid by school districts. Absent any constitutional infirmity with the statute, it controls and requires an affirmative answer to your question. I can find no such constitutional infirmity. It is well settled that the "Legislature is clothed by the constitution with plenary power over the management and operation of the public schools. It is for the Legislature to declare the policy with reference to the schools. . . ." Wheels v. Franks, 189 Ark. 373, 377,72 S.W.2d 231 (1934). The Arkansas Constitution provides that the "supervision of public schools and the execution of the laws regulating the same shall be vested in and confided to such officers as may be provided for by the General Assembly." Arkansas Constitution art. 14, §4. In my opinion, it is well within the General Assembly's powers to have the State Board of Education set the employer insurance contribution rate.
In my opinion any increase in the employer contribution rate is not unconstitutionally tantamount to a local tax increase. The same argument could be employed against any state-imposed expenditure requirement, from minimum teacher salary levels to curriculum requirements. School districts are required to budget their funds in such a way as to comply with state mandates. If this is impossible, it appears in this instance that the remedy is administrative and political, rather than legal.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General